**Mrs. Effie P. TURNER, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**No. LR 60 C 49.**

United States District Court
E. D. Arkansas, W. D.

Dec. 27, 1960.

Parker Parker, Russellville, for plaintiff.

Osro Cobb, U. S. Atty., by Ralph Sloan, Little Rock, for defendant.

YOUNG, District Judge.

Claimant, Mrs. Effie P. Turner, has instituted this appeal from an adverse decision by the referee rendered pursuant to the Federal Old-age Survivors, and Disability Insurance Act, 42 U.S.C.A. §§ 401–425. The issue presented by this appeal is limited by 42 U.S.C.A. § 405(g) to whether the decision of the referee is supported by substantial evidence, and more particularly to whether there is substantial evidence to support the conclusion that the claimant and her son were not partners in "Turner's Grocery" for the years 1956 and 1957. The referee based his decision on the ground that the claimant did not present sufficient evidence to establish a partnership, therefore concluding that the claimant was not entitled to social security payments under the self-employment provisions of the Act.

42 U.S.C.A. § 411(d) provides: "The term 'partnership' and the term 'partner' shall have the same meaning as when used in supplement F of chapter 1 of Title 26." This definition was repealed by 26 U.S.C.A. § 7851 (I.R.C.1954) and is now primarily covered by 26 U.S.C.A. §§ 701–704 and 761 (I.R.C.1954). The Internal Revenue Code 26 U.S.C.A. § 704(e) (I.R.C.1954) specifically recognizes family partnerships. There is no question, therefore, that the claimant and her son, Buell Turner, could legally have formed a family partnership, under which Mrs. Turner might have claimed social security benefits.

The referee in his opinion used the following definition of a partnership: "A partnership normally results from an agreement, written or oral, that persons involved will carry on business as partners and share in the profits or losses in a predetermined amount. A partnership may also be found where the partners manifest, by their acts or otherwise, a clear intention to become partners for the purpose of carrying on a trade or business. Some of (sic) factors that need to be taken into consideration are the terms of the agreement, if any; what capital contributions, if any, the alleged partner made to the business; what personal services, if any, the alleged partner contributed to the business; whether there was an agreement to share profits or losses or both; and whether the business was conducted and held out to the public in a manner to indicate the existence of a partnership." This definition and these tests are not in conflict with the Internal Revenue Code previously cited. The text writers, e. g. Barrett & Seago, Partners & Partnerships, The Law of Taxation, Ch. 2, § 1 (1956); the Restatement of Agency, § 14A; and treatises, e. g. 68 C.J.S. Partnership § 1, are in accord with the definition of the referee.

In the case of Commissioner of Internal Revenue v. Culbertson, 1949, 337 U.S. 733, 742, 69 S.Ct. 1210, 1214, 93 L.Ed. 1659, the Supreme Court used the following test:

"The question is not whether the services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the Tower case [Commissioner of Internal Revenue v. Tower, 1946, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670] but whether, considering all facts— the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join

together in the present conduct of the enterprise."

In that case the Tax Court had held that the family partnership was not established because none of the sons of Mr. Culbertson had made a capital contribution to the enterprise and only one rendered substantial services. In reversing the Tax Court the Supreme Court established that services and capital contribution are not exclusive tests, but that the intent of the parties to form a partnership as demonstrated by all the facts is controlling. In this case the referee's definition is proper and he has provided the court with workable tests for determining whether or not Mrs. Turner and her son were partners in "Turner's Grocery".

As pointed out by the referee, the evidence in this case is not free from conflict and doubt. Two important factors, except for specific dates, are undisputed and accepted as true by the referee. In 1938 claimant's husband died and left her the business enterprise here in question. In 1948 the claimant conveyed the property to her son, reserving a life interest for herself. The claimant and her son both testified that this conveyance was consideration to the son for staying and helping to build the business. There is conflict in the evidence presented by claimant as to when the alleged partnership was created, but there is no doubt that Mrs. Turner made a capital contribution. There is also no doubt that Mrs. Turner devoted full time to working in the store, except for a short period when she was recovering from an operation. Thus two important factors tending to show a partnership are established without dispute.

A number of witnesses, testifying in person at the hearing and by affidavit, stated that they believed "Turner's Grocery" to be a partnership and that Mrs. Turner and her son conducted their business in a manner indicating a partnership to the public. The referee discounted the testimony of these witnesses "because it is not clear on what facts they predicated their conclusions". In this, I think the referee was in error. By the very nature of the question, a witness must give a nebulous answer. The conclusion of a witness that an enterprise is a partnership is predicated upon years of business and personal dealings with the parties involved. With this being true, it is always difficult, if not impossible, for a witness to state his specific reasons for concluding that the business was a partnership. Furthermore, one of the witnesses testified that he had reached a tentative agreement with Buell Turner to sell the business and that Mrs. Turner refused to join her son in this transaction and that therefore the sale was not completed. For these reasons it is my conclusion that the claimant established that the business was conducted and held out to the public in a manner to indicate the existence of a partnership.

The fourth factor of importance is an agreement to share profits and losses. There is no dispute that in the years in question that no formal agreement to share profits was in existence and that the records do not indicate an equal division of profits. The testimony establishes that Buell Turner kept the records and maintained a bank account in his own name and the claimant took merchandise and money from the store for her own needs. Further, profits from the store paid for her insurance policies. Certainly Mrs. Turner did share in the profits of the store, even though her withdrawals were sporadic and often unrecorded.

Although the Hearing Examiner's decision is based on the finding that claimant's evidence failed to establish a partnership, he also relies on three factors from which he concludes the existence of a partnership is negated. First, he says, there is no evidence of any change in the legal relationship of Mrs. Turner and her son in 1956 and 1957, the years she filed income tax returns and claimed social security coverage, from prior years. Whatever their relationship was prior to 1956, they had the right to

change or modify it in any legal way that they saw fit. If one of the motives was to make the mother eligible for social security as one self-employed, this would not prevent their modifying their business arrangement, as long as the changes were made in good faith and reflected the realities of the relationship. Furthermore, if a partnership existed in the years prior to 1956, it is irrelevant that the benefits of this business relationship were unclaimed.

The second factor relied upon by the referee presents a more difficult question. His objection is that the business records kept by Buell Turner do not clearly indicate the store was operated as a partnership. The best thing that may be said for these records is that they were rudimentary. No accurate account was kept of food supplies or money withdrawn from the store for personal use. The books were often balanced by estimated entries and on some occasions entries were made with total disregard to the facts. Mr. Turner is neither an accountant nor a highly educated man. The books he kept and his testimony in explaining them do not reflect on his honesty. His mistakes were numerous, but they are apparently due to lack of knowledge. This is a situation common to a great many small family enterprises. If someone outside the immediate family had been a partner, or if the business had been larger, no doubt more accurate records would have been kept. Many of Mr. Turner's errors have been corrected, since the original hearing, by, for example, opening a partnership bank account and making certain changes in the bookkeeping methods. The period of time in issue is the two years for which Mrs. Turner claims coverage and the bookkeeping changes are irrelevant. The opening of a partnership bank account does indicate that the profits of the enterprise inured to the benefit of the claimant. Since this is a small family enterprise and since Mr. Turner's methods are typical in this type of endeavor, it is my conclusion that the fact that the method of bookkeeping did not clearly

establish a partnership is not substantial evidence to support an adverse verdict.

Thirdly, the examiner seems to feel that the fact that Mrs. Turner was allowed $20 per month for the use of her building creates an inference of the absence of a partnership. I do not consider that this is any substantial evidence of the lack of a partnership arrangement. Quite commonly when one partner furnishes more than his portion of the physical assets by agreement he is allowed the reasonable rental value of such property just as in other cases when one partner gives all or a substantial portion of his time to the business and the other partner does not, the working partner is customarily allowed a salary to compensate him for the labor performed.

Certainly, as the government contends in its brief, "(t)ransactions between members of a family will be closely scrutinized * * *" Tax Reg. § 1.704–1(e) (III), and I have done this. I must point out that this case presents the reverse of the usual situation. The most common and most suspect cases involve the recipient of a portion of a going concern who claims partnership status. Here, however, the transferor is claiming that she is a partner.

It is my conclusion that the facts that the claimant made a capital contribution to the enterprise, devoted full time to working in the store, held the enterprise out to the public as being a partnership, and shared in the profits, establishes the intention to form a partnership. I do not believe there is substantial evidence in this record to support a contrary holding.

As the referee concludes, from the present state of the record it is impossible to determine how much claimant's income was during the two years in question. I believe and so order that the decision that no partnership .existed be reversed and the case be remanded to the appropriate agency to ascertain the amount of claimant's income during the period in question so that the amount of her benefits, if any, may be ascertained.