**Lillian T. McALISTER, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 3028.**

United States District Court
W. D. South Carolina,
Greenville Division.

Sept. 16, 1964.

Theodore M. Burns, Jr., Greenville, S. C., for plaintiff.

Ernest J. Howard, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Plaintiff seeks determination of eligibility for social security benefits under provisions of Section 202 of the Social Security Act, 42 U.S.C. § 402[1], seeks in this forum a review and reversal of the final decision of the Secretary of Health, Education, and Welfare as allowed by Section 205(g) of the Act[2]. To be the "fully insured individual" called for by Section 202(a) (1), plaintiff would have to have acquired six quarters of coverage as provided in Section 214(a) (1) of the Act, 42 U.S.C. § 414(a) (1). A "quarter of coverage" is defined by Section 213(a) (2), 42 U.S.C. § 413(a) (2), as a quarter (a period of three calendar months ending on March 31, June 30, September 30, or December 31) "in which the individual has been paid $50.-00 or more in wages."

Section 211 of the Act, 42 U.S.C. § 411, defines the coverage or income from self employment and Sections 212 and 213, 42 U.S.C. §§ 412 and 413, provide for self employment income to be credited to calendar quarters, as wages are treated by those defined in Section 409 of the Act.

On February 11, 1958, plaintiff, who was born February 9, 1893, made application for benefits, claiming income earned and tax paid thereon sufficient to qualify her for the requisite number of quarters in the years 1956 and 1957. This claim was refused. After this refusal she and her husband, ten years her junior, according to the undisputed testimony " * * * went to the Internal Revenue and Social Security in Greenville [S. C.] and they told me I would have to make it (the money income) myself." In answer to another question plaintiff, in telling of their efforts to qualify, stated:

"A. Yes, he did what the social security people told us."

He testified that:

"She went to the Social Security Office and gave them the report from the Internal Revenue, and they said, 'Yes, we will accept it if they do,' and I turned everything over

---

1. The relevant provisions of the Act are: Section 202. (a) "Every individual who—
"(1) is a fully insured individual (as defined in Section 214(a)),
"(2) has attained age 62, and

"(3) has filed application for old-age insurance benefits * * * shall be entitled to an old-age insurance benefit for each month * * *."

2. 42 U.S.C. § 405(g).

to my wife for the two years [1958 and 1959]."

This effort to get official guidance was a part of an admitted course of action designed to qualify plaintiff for Social Security Benefits because of income received, tax paid, and requisite "quarters of coverage" established during the years 1958 and 1959.

The Court finds no fault with this ambition. As the Hearing Examiner told plaintiff: "You understand, of course, that there is no objection to your planning your affairs so that you can get social security benefits."

Plaintiff inherited one-half of the farm on which she and her husband live, and she and her husband bought the other half together, so she owned three-fourths interest at the time of the hearing. For the calendar years 1958 and 1959 she reported all income from the farm in her name, on Federal tax forms, and paid the tax. Reported in 1958 was income from grain[3], poultry, and other farm products. In 1959 sale of timber or lumber was reported. On December 29, 1959 she again made application for social security benefits.

The Examiner found the farm income insufficient and in effect decided the income was that of the husband. This despite her ownership, her attempt to follow advices of various Federal agencies, and the uncontradicted testimony of her husband that "She bought everything, bought the fertilizer * * * sold the grain."

■ The Social Security Act should be liberally construed in favor of those seeking its benefits.[4] Accordingly, this Court thinks it significant that the advices of Federal agencies were followed, openly, apparently honestly, and with the avowed purpose to qualify.

■ The Court finds that the findings of the Secretary are not supported by substantial evidence. Plaintiff performed and the fact that there existed a close family relationship should not bar her claim in this case.[5] Neither the Court, nor administrative tribunals making decisions on issues of statutes designed for liberal treatment and construction should seek a technicality of law or imply a finding of fact merely to defeat a claimant seeking benefits which that statute provides and intends.

■ The Court finds that the sale of the lumber or timber by the owner of the land who supervised the selection was a sale of a crop, and should be included in earnings for 1959 for computation purposes. A miscarriage of justice would occur here to treat it otherwise.

The finding of the Secretary is reversed and plaintiff is entitled to a determination of qualification for benefits under applicable provisions of the Social Security Act.

And it is so ordered.

---

3. This was also reported to the Greenville Social Security Office, perhaps to continue to try to qualify.

4. Carroll v. Social Security Board, 7 Cir., 128 F.2d 876; Dean v. Fleming, D.C., 180 F.Supp. 553, 556.

5. Flemming v. Lindgren, 9 Cir., 275 F.2d 596, was relied on by the H. E. W. Appeals Council but the cited case is no authority that a family relationship is a bar.