**Ray RASMUSSEN, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare of the United States of America, Appellee.**

**No. 9006.**

United States Court of Appeals Tenth Circuit.

March 9, 1967.

George F. Saunders, Oklahoma City, Okl., for appellant.

Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant made application under the Social Security Act, based on the earning record of his deceased wife, for lump sum death benefits (42 U.S.C.A. § 402(i)), and for benefits on behalf of their three children (42 U.S.C.A. § 402 (d)). The applications were denied for the reason that the deceased wife was not an insured person at the time of her death. An administrative hearing was thereafter held, and the hearing examiner also held that the applications should be denied. Administrative review of the decision was denied, and appellant sought relief in the United States

District Court. Both parties asked for summary judgment, and the court entered judgment for the Secretary of Health, Education and Welfare on his motion. Appellant then took this appeal.

The deceased needed twelve quarters of coverage under the Social Security Act to be fully insured. The appellant claims eight quarters of coverage of his deceased wife derived from the earnings of the Robinson Hotel which he and his wife owned and operated in 1960 and 1961. The appellant was unsuccessful during the course of the administrative proceedings or in the District Court in his claim that part of the earnings were applicable to his wife's account. If these earnings are applied to her account she would qualify as having been fully and currently insured under the Act. The issue on appeal relates to this enterprise, and whether under the Social Security Act a part of the earnings from its operation could be credited to the account of appellant's wife (42 U.S.C.A. § 411(a)).

The appellant and his deceased wife were married in 1941. After their marriage appellant and his wife engaged in a business in which they both worked. In 1944 the appellant and his wife bought the Robinson Hotel in Oklahoma City, using money they had earned in their prior business. The deed to the hotel was executed in the names of appellant and his wife as tenants in common, not as joint tenants, and they both signed a mortgage. The hotel had thirty-two guest rooms, and there were five business offices on the ground floor.

Joint income tax returns were filed by appellant and his wife for the years 1960 and 1961 during which the question here arises. However, the income from operation of the hotel was reported solely as the appellant's earnings from self-employment for purposes of crediting his earnings account in the Social Security Administration. No income for 1960 and 1961 was reported as self-employment income for the deceased wife. After the appellant's wife died, and upon suggestion of an employee of the Social Security Administration, appellant amended the 1960 and 1961 income tax returns to show that one-half the earnings from operation of the hotel should be credited to his wife's earnings account as self-employment income. The appellant's wife was employed by the Salvation Army in Oklahoma City from August 1962 until her death in June 1963.

The operation of the hotel as a "family enterprise" by the appellant and his wife is described in the following excerpt from the hearing examiner's decision:

"The record further reveals the claimant and his wife, the wage earner, operated a hotel which they purchased on August 14, 1944. That both the claimant and the wage earner took an active part in the operation of the hotel. That the wage earner rented rooms, took care of numerous services, such as laundry and cleaning, and also wrote checks in payment of any of the bills, and that the claimant also performed these duties; that neither of them had any particular time to perform these duties or any particular duties to perform, but either of them performed the duties when they were available and the necessity arose. * * * * "

The examiner however found no partnership to exist between the husband and wife, and no other basis whereby the wife derived earnings from the hotel. Thus the claim was denied.

Although the appellant testified generally that he assumed his accountant had prepared the tax returns to give his wife credit for self-employment income, the examiner's decision indicates that little, if any, credence was given to the appellant's explanation of why the tax returns failed to apportion the self-employment income equally between the appellant and his wife, as the appellant now contends should have been done. The credibility of the appellant's testimony relating to the tax returns may be weighed by the hearing examiner. Celebrezze v. Warren, 339 F.2d 833 (10th Cir.); Kirby v. Gardner, 369 F.2d 302

(10th Cir.). However, we attach little significance to the form of the tax returns or to the fact that the appellant later amended the returns.

 Self-employment income is credited to earnings accounts in accordance with information reported in Schedule C of the federal income tax returns. Thus it appears that the Secretary makes no initial inquiry to determine whether the income so reported is in fact or in law self-employment income. It appears that unreported self-employment income may be credited retroactively to an individual's earnings account if the facts show that the income in question was self-employment income under the Act. Even if we were to assume that the appellant deliberately claimed all self-employment income for his earnings account, this is no more than an assertion of the appellant's position, a position that may or may not be sustained when the facts and circumstances of the case are reviewed in the legal context of the applicable statutes. See, e. g., Conklin v. Celebrezze, 319 F.2d 569 (7th Cir.); Hudson v. Celebrezze, 220 F.Supp. 738 (E.D.N.C.). If the facts and circumstances indicate that a claimant is entitled to the benefits, he should not be penalized by his former position, which may be nothing more than a misapprehension of the law. It should also be borne in mind that a portion of the claim here made is for the children's benefit. Their position should be determined by what the facts really were relative to their parents' earnings, and not by the opinion of one of them.

The appellant does not contend that he and his wife entered into a formal partnership. The appellant's contention is that he and his wife individually earned self-employment income by participating in the operation of the hotel,

and also that general principles of property law provide a basis for dividing the earnings of the hotel equally between the two cotenants.

 As mentioned above, the hearing examiner found no partnership to exist, and after so concluding he apparently decided that a division of the hotel income on any other basis would be contrary to statute or the policies of the Social Security Administration. The examiner's decision first says:

"In the absence of any specific or implied partnership agreement between the husband and wife, for social security purposes, the self employment income is creditable to either the husband or wife. However, the hearing examiner has been unable to find any provision in the Social Security Act which provides for the crediting on a percentage basis for social security purposes to both the husband and wife because of joint ownership or joint operation of property. * * * "

The examiner concludes his decision by saying that:

" * * * in the absence of a showing of a partnership between the claimant and the wage earner, there does not appear to the hearing examiner any provision under the Social Security Act, as amended, whereby the earnings from the operation of the hotel could be or should be divided between the husband and wife for the purpose of giving credit to the social security account of each of them. * * * "

However we find nothing in the language of § 211(a) of the Act indicating that a partnership is the only basis upon which coproprietors of a business can each be credited with self-employment income for social security purposes.[1] We thus

1. Section 211(a) of the Act, 42 U.S.C.A. § 411(a), defines "net earnings from self-employment" as the "gross income, * * * derived by an individual from any trade or business carried on by such individual, * * * plus his distributive share * * * of the ordinary net income or loss, * * * from any trade or business carried on by a partnership of which he is a member * * *." Section 211(d), 42 U.S.C.A. § 411(d), defines the words "partnership" and "partner" by reference to the meaning given those words in the Internal Revenue Code, Title 26 U.S.C.A.

conclude that the hearing examiner's interpretation of the statute is too narrow. The facts in the record disclose that the Robinson Hotel was owned and operated as a small-scale family enterprise by the appellant and his wife. Each of the participants was self-employed. There is also no requirement in the Act, nor indication in the legislative history (U.S. Code Cong.Service, 1950, pp. 3452–53), that the enterprise be a sole proprietorship. We hold that the existence of a partnership is not a necessary condition for dividing self-employment income between coproprietors of the family enterprise here concerned, and the crediting of such income to their respective earnings accounts for social security purposes.

Even if we limit ourselves to "partnerships" under the Internal Revenue Code, we find there a broad definition. As mentioned above, Section 211(d) of the Social Security Act defines "partnership" by reference to the Internal Revenue Code. The section of the Internal Revenue Code currently applicable states:

"* * * [T]he term 'partnership' includes a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business * * * is carried on, and which is not * * * a corporation or a trust or estate." 26 U.S.C.A. § 761(a).

The Internal Revenue Code expressly recognizes family partnerships in 26 U.S.C.A. § 704(e). It can be seen that a number of diverse legal relationships are comprehended by the Internal Revenue Code's definition of partnership; moreover, § 761(a) of the Code, supra, merely includes the entities listed and expressly excludes only trusts, estates, and corporations.

■ While the exact nature of the legal relationship between the appellant and his wife in owning and operating the hotel might be critical for income tax purposes or for state laws of descent and distribution, we hold that it is unneces-

sary to characterize their relationship by any specific label for purposes of the Social Security Act. If either husband or wife had carried on the business alone there would have been no issue of earnings. The fact that both carried on the enterprise should not change the result.

The Secretary has referred us to several cases concerned with family partnerships and the provisions of the Internal Revenue Code, but we find these cases not persuasive because they examine family partnerships with a view to prevent abuse of the tax laws. This is not an issue in the case at bar. Cf. Turner v. Flemming, 190 F.Supp. 147 (E.D. Ark.)

■ The record discloses that the appellant and his wife owned the hotel as cooperators, co-workers, and as co-tenants. The hearing examiner found that the appellant's deceased wife actively participated with him in the operation of the hotel as a family enterprise. In Delno v. Celebrezze, 347 F.2d 159 (9th Cir.), the court, citing relevant legislative history, held that the labor of the individual is the important factor. Other cases recognize that labor and the income therefrom are the criteria by which a self-employed claimant's eligibility for benefits is determined. See, e. g., Conklin v. Celebrezze, 319 F.2d 569 (7th Cir.); Everett v. Ribicoff, 200 F.Supp. 103 (N.D.Fla.); Turner v. Flemming, 190 F.Supp. 147 (E.D.Ark.); McAlister v. Celebrezze, 233 F.Supp. 694 (W.D.S. C.).

■ The deceased wage earner's participation in operation of the hotel with the appellant was substantial, and was so found by the examiner. We hold that the deceased wage earner was entitled to claim part of the self-employment income resulting from operation of the hotel as *her* self-employment income for 1960 and 1961. The congressional policy underlying federal social security legislation requires the courts to interpret the Act liberally, and any doubts should be resolved in favor of coverage. See Dvorak v. Celebrezze, 345 F.2d 894

(10th Cir.); Delno v. Celebrezze, supra; Everett v. Ribicoff, supra.

One question remains: What part of the self-employment income reported by the appellant for 1960 and 1961 shall be credited to his deceased wife's earnings account? The appellant suggests that the law of Oklahoma provides a basis for dividing the income and profits from the hotel equally between the appellant and his wife as tenants in common. Okla.Stat.Ann. tit. 41, §§ 21. We cannot attach much significance to the Oklahoma statutes because benefits for self-employment income are derived from labor, not from the ownership of property. It does not appear that the appellant and his wife ever made any formal allocation of the income of the hotel between themselves. All funds were deposited in their joint checking account and apparently the appellant and his wife wrote checks as the need arose. Because the hotel was a family enterprise to which the appellant and his wife each contributed their labor, it is not surprising that a husband and wife would not make a formal allocation of the income. The marital relationship did not require an agreement for the distribution of income because the family as a whole benefitted by operation of the hotel and the income was readily available to the husband or the wife as either of them might have need of it. Cf. Turner v. Fleming, supra. The appellant testified that he worked in the hotel as much as his wife did, and that both worked most of the time. This would appear sufficient to equally divide the income under the other facts in the record. The hearing examiner's general findings relating to the nature of the wife's participation in the hotel business, which we have quoted herein, thus support a further finding that the appellant and his wife contributed equal labor to operation of the hotel.

The decision of the trial court is reversed with directions that the case be remanded to the Secretary for a determination of the benefits to which the appellant and his children are entitled.