**Fred J. DICKMANN, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**No. 69–C–90.**

United States District Court, E. D. Wisconsin.

Nov. 10, 1969.

Harvey L. McCormick, Milwaukee, Wis., for plaintiff.

Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## OPINION AND ORDER

GRUBB, Senior District Judge.

This action for review of a final decision of the Secretary of Health, Education and Welfare is before the court on cross motions for summary judgment submitted on the record and briefs of counsel.

The Secretary determined that plaintiff was overpaid old age insurance benefits for the years 1964 and 1965 in the amount of $677, which was reduced to $194.40 by withholding benefits payable for August 1966 through December 1966, and further, that plaintiff was liable for repayment of said balance.

There is no dispute as to the underlying facts. The record discloses that plaintiff, who was born on November 17, 1898, began operating a tavern in 1941 with the assistance of his wife. No other persons participated in the conduct of the business until November 1966 when the wife's illness and hospitalization necessitated the assistance of the sons of the couple. Plaintiff and his wife reside

in the same building in which the tavern is located and the property is owned jointly by them.

After filing of application for retirement insurance benefits, plaintiff executed a lease of the business to his wife, effective January 1, 1964. He claimed that he would not receive any remuneration from the business other than the $600 annual rental stipulated in the lease agreement. However, the yearly rental was never paid and plaintiff continued to participate in the operation of the tavern some four to five hours daily out of the approximately twelve hours the establishment was open as he did before the execution of the lease and the purported retirement.

Plaintiff's wife reported self-employment income from the tavern as follows: 1964—$1,803.10; 1965—$1,557.42; and 1966—$1,673.34. However, it was determined that the lease effected no valid transfer of the business in fact; that plaintiff was still the owner and operator, and that he rendered substantial services to the business. Accordingly, it was decided that all self-employment net income realized from the operation of the tavern, as corrected, was to be credited to plaintiff's earning records in the amounts of $2,003.41, $947.55, and $1,142.03 for the years 1964, 1965, and 1966, respectively. Additionally, plaintiff had earnings of $502 and $846 for the years 1965 and 1966 as a supervisor for Ozaukee County, an elective position. Thus, for deduction purposes he had total earnings of $2,003.41 in 1964; $1,499.53 in 1965; and $1,988.03 in 1966; and exceeded in each of these years the maximum allowed income for eligibility for old age insurance benefits.

Although plaintiff in the initial application for benefits attempted to shift the total income from the tavern business to his wife, he took the position before the agency and on review here that, following Rasmussen v. Gardner, 374 F.2d 589 (10th Cir. 1967), the income should be divided equally between plaintiff and his wife for purposes of computing old age insurance benefits.

Since plaintiff no longer relies on the lease as accomplishing a transfer of the total income of the tavern business, cases cited by defendant involving schemes for shifting or redistribution of income, on occasion by transfer of a business interest not reflecting the true situation of the operation, are not in point. Citing Price v. Flemming, 280 F.2d 956 (3rd Cir. 1960), cert. denied 365 U.S. 817, 81 S.Ct. 698, 5 L.Ed.2d 695 (1961), to the effect that to avoid deductions for any month in which a claimant is otherwise eligible for benefits, he must prove *either* (1) that he had total earnings of less than the amount he could earn and still receive his benefits under the Act, *or* (2) that despite the amount of his earnings he did not render substantial services, the government contends that the deductions in this case were proper because plaintiff performed "substantial services" in the operation of the tavern. According to this authority, and see §§ 203(b) and 203(f) of the Act, § 403(b) and (f), Title 42 U.S.C.A., the question of substantial services is determinative for purposes of reduction of benefits only where a claimant has excess earnings from self-employment. Thus, it remains in the first instance to determine whether plaintiff in fact had excess earnings during the years in question. In the instant case the answer to this question turns on whether plaintiff must be deemed the sole owner and operator of the tavern to warrant crediting the total income from the business to his earning record.

Gardner v. Rasmussen, supra, addresses itself to the question of allocation of net income from self-employment in a family enterprise similar to the situation here. There the claimant made application for lump sum death benefits and for death benefits on behalf of the children based on the earnings record of his deceased wife. The benefits were denied for the reason that the wife was not an insured person at the time of her death. Husband and wife had jointly owned and operated a small-scale family enterprise in the form of a hotel as co-owners, co-

workers, and co-tenants, similar to the operation of the tavern by plaintiff and his wife. Interpreting the definition of "net earnings from self-employment" of Section 211(a) of the Act, Section 411 (a), 42 U.S.C.A., as not requiring a formal partnership arrangement, the court held that self-employment income was to be divided between the co-proprietors of the family enterprise and that the divided income was to be credited to the respective earnings accounts of the partici-. pants in the enterprise for social security purposes. The claimant's former position of reporting all self-employment income for his own earnings account— and it appears that plaintiff in the instant case similarly reported income from the tavern—was not deemed to constitute a bar to his receipt of benefits.

The court is of the opinion that the rule of Rasmussen v. Gardner, supra, is applicable to the circumstances of this case, where plaintiff and his wife jointly owned the property, and equally participated in its operation. The record does not reflect that plaintiff was the controlling manager, guiding light, or moving spirit of the enterprise to warrant attributing income derived from the labors of his wife to his earnings account. Cf. Hellberg v. Celebrezze, 245 F.Supp. 390 (W.D.Mo.1965); Poss v. Ribicoff, 289 F.2d 10 (2nd Cir. 1961); Dondero v. Celebrezze, 312 F.2d 677 (2nd Cir. 1963). And see Rhoads v. Folsom, 252 F.2d 377 (7th Cir. 1958) (crediting each wage earner with salary earned according to the services rendered).

The court's decision requires remand of the case for recomputation of the amount of deductions, if any, based on plaintiff's earnings record in which he is credited with one-half of the net income of the tavern only. In the event there should still remain an outstanding balance of such deductions after recomputation, the facts of this case do not warrant imposition of liability for repayment.

In accordance with the foregoing opinion which stands for the court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure,

Now, therefore, it is ordered that defendant's motion for summary judgment is denied, and that plaintiff's motion for summary judgment is granted, with remand to the Secretary for purposes of recomputation consistent with the court's conclusions.