Minnie RAINES, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendants.

Civ. A. No. 79–0043(C).

United States District Court, W. D. Virginia, Charlottesville Division.

June 12, 1980.

Klinette Hunter Kindred, Charlottesville-Albemarle Legal Aid Society, Charlottesville, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendants.

DALTON, Senior District Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare[1] denying Plaintiff's claim for retirement insurance benefits under the Social Security Act, as amended, 42 U.S.C. § 402[2]. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g).

The issues before the court are whether the Secretary's final decision is supported by "substantial evidence," and if it is not, whether plaintiff has met her burden of proof as prescribed by and pursuant to the Act. If such "substantial evidence" exists, then the final decision of the Secretary must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir., 1966). Stated briefly, "substantial evidence" has been repeatedly defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Ginsburg v. Richardson*, 436 F.2d 1146 (3rd Cir. 1971), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971); *Laws v. Celebrezze, supra*. It is more than a scintilla but less than a preponderance of the evidence. *Teague v. Califano*, 560 F.2d 615 (4th Cir., 1977); *Forte v. Mathews*, 427 F.Supp. 187 (E.D.Pa., 1977). Accordingly, this court must undertake a review of the evidence of record.

Plaintiff, Minnie Raines, filed her initial application for retirement insurance benefits on January 27, 1975. (TR. 17–20). Her date of birth was established as May 4, 1917. (TR. 27). In order to be fully insured for retirement benefits, Plaintiff needs 25 quarters of coverage.[3] In her application, Plaintiff indicated that she had engaged in no employment in the year 1974, and did not expect to have any earnings in 1975. At the time she filed her application in 1975, she was credited with only 17 quarters of coverage. Her application was, therefore, denied. (TR. 27). She was notified of this determination on March 21, 1975, but took no appeal of this action.

Plaintiff filed a second application on February 2, 1977. (TR. 29–32). At this time the earning record showed eight quarters of coverage from self-employment income; four each in 1975 and 1976. Including these quarters as valid quarters of coverage would give Plaintiff the required 25 quarters of coverage for fully insured status. However, the Administrative Law Judge determined that these eight additional quarters could not be credited to her account and denied Plaintiff's claim for benefits. (TR. 59). Plaintiff sought review by the Appeals Council, which on April 4,

---

1. This Department has recently been divided, but will be referred to here by its traditional name.

2. Section 202 of the Social Security Act, as amended, 42 U.S.C. § 402, provides that every individual who is, (1) a fully insured individual, (2) has attained age 62, and (3) has filed application for old age insurance benefits shall be entitled to an old-age benefit.

3. Section 214(a) of the Social Security Act, as amended, 42 U.S.C. § 414(a) provides:

   "The term "fully insured individual" means any individual who had not less than—

   (1) one quarter of coverage (whenever acquired) for each calendar year elapsing after 1950 (or, if later, the year in which he attained age 21) and before the year in which he died or (if earlier) the year in which he attained age 62, except that in no case shall an individual be a fully insured individual unless he has at least 6 quarters of coverage; or

   (2) 40 quarters of coverage; or

   (3) in the case of an individual who died before 1951, 6 quarters of coverage; not counting as an elapsed year for purpose of paragraph (1) any year any part of which was included in a period of disability."

1979, denied her claim. (TR. 2). The decision of the Administrative Law Judge, therefore, stands as the final decision of the Secretary. Plaintiff, through counsel, filed suit in this court on May 25, 1979, seeking review of the Secretary's decision.

The court is constrained to conclude that the Secretary's final decision is not supported by "substantial evidence". The record indicates that Plaintiff and her husband, Cecil Raines, jointly owned and operated a ten acre farm in Green County for many years. In or about 1971, Mr. Raines suffered his third heart attack and could no longer perform any of the physical labor. (TR. 53). At that point, Mrs. Raines replaced her husband as the primary laborer. Despite this fact, the farm income which was reported to the Internal Revenue Service prior to 1975, was reported in Mr. Raines' name. However, in 1975 and 1976, Mrs. Raines reported the entire farm income, approximately $600.00, as her own.

The record further indicates that during the years in question, 1975 and 1976, Mrs. Raines did most of the physical work on the farm. (TR. 47, 49, 53, 55). Her son did help on occasions, mainly at harvest time, but Mrs. Raines, alone planted the crop and then tended it; hoeing, weeding and fertilizing it throughout the growing season. (TR. 49–50). On the other hand, Mr. Raines's minimum contribution took the form of keeping the books, such as they were, for the farming venture.[4] Thus, the conclusion by the Law Judge that the farm is owned and operated primarily by Plaintiff's husband and not by Plaintiff is not supported by "substantial evidence".

Additionally, the court is constrained to conclude that Plaintiff has met her burden of proof in establishing the eight quarters of coverage from self-employment income; four each in 1975 and 1976. Section 211(a) of the Social Security Act, 42 U.S.C. § 411(a) seeks to define net earnings from

self-employment. That section contemplates that income "derived by an individual from any trade or business carried on by such individual..." and "his distributive share... from any trade or business carried on by a partnership of which he is a member..." shall be used to determine net earnings from self-employment. Thus, it is clear that one manner of self-employment for purposes of the Act is through a partnership. The Secretary's decision that no partnership existed is clearly correct and will not be overturned.

Additionally, section 211(a), 42 U.S.C. § 411(a), makes it clear that operation of a sole proprietorship trade or business also qualifies as self-employment. Mrs. Raines was not a sole proprietor. But, in order to be self-employed for purposes of the Social Security Act, it is not necessary that one be either a partner or a sole proprietor. *Frieburg v. Matthews*, (S.D.Ill.1977), 1A CCH Unempl.Inc.Rptr. (Jan. 1977—Jan. 1978 Transfer Binder), para. § 15,220; *Rasmussen v. Gardner*, 374 F.2d 589 (10th Cir. 1967); *Dickmann v. Finch*, 315 F.Supp. 1070 (E.D.Wis.1969).

Cases in other contexts under the Social Security Act have found the labor of the individual to be the important factor in determining self-employment income. *Frieburg, supra; Deleno v. Celebrezze*, 347 F.2d 159 (9th Cir. 1965); *Conklin v. Celebrezze*, 319 F.2d 569 (7th Cir. 1963). Additionally, the Congressional Policy underlying the Social Security Act requires the courts to interpret the Act liberally in favor of coverage. *Herbst v. Finch*, 473 F.2d 771 (2nd Cir. 1972).

In this case, it is clear that the Raines were engaged in a family farming enterprise. It is equally as clear that at least for the years 1975 and 1976, Mrs. Raines contributed substantial labor to that enterprise. In light of the Congressional Policy expressed above, regardless of the label ap-

4. The record indicates that Mr. Raines maintained no separate account for the farming business but mixed everything into the household account. (TR. 52). He kept no receipts, (TR. 53) and maintained only three categories of "expenses" on his books: "Seed", "Fertilizer", and "Taxes". Additionally, Mr. Raines failed to keep track of other expenses, such as gasoline for the tractor, depreciation on the farm equipment, or equipment maintenance.

plied to a business relationship like that of the Raines for other purposes, such a relationship must be constrained as self-employment for purposes of determining quarters of coverage under 42 U.S.C. § 413(a)(2). *Frieburg, supra; c.f. Rasmussen, supra.*

For the above reasons, the court will issue an appropriate order reversing the Secretary's denial of retirement insurance benefits and judgment will be entered for the Plaintiff. Further, this case will be remanded to the Secretary for determination of proper back benefits.