Bonifacia CARRASCO, Plaintiff,
Appellant,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellee.

No. 79–1148.

United States Court of Appeals,
First Circuit.

Dec. 4, 1980.

Jose Enrique Colon–Santana, Rio Piedras, P.R., with whom Luis Amauri Suarez–Zayas, Hato Rey, P.R., and Ana Matanzo Vicens, San Juan, P.R., were on brief, for appellant.

Lillie Price, Atty., Baltimore, Md., with whom Barbara Allen Babcock, Asst. Atty. Gen., Washington, D.C., Julio Morales–Sanchez, U. S. Atty., San Juan, P.R., and Randolph W. Gaines, Chief of Litigation, Baltimore, Md., were on brief, for appellee.

Before COFFIN, Chief Judge, WISDOM, Senior Circuit Judge,* CAMPBELL, Circuit Judge.

PER CURIAM.

The Secretary, in deciding to apply the statutory presumption, 42 U.S.C. § 411(a)(5)(A), assumed that there was no partnership between the plaintiff and her husband. The Secretary did not focus on this point. Nor did the district court. Our decision that the presumption was unconstitutional[1] made a remand necessary for the

---

* Of the Fifth Circuit, sitting by designation.

1. On similar facts a district court has held that Section 411(a)(5)(A) violated the due process and equal protection clauses and remanded the case to the Secretary to determine the plaintiff's entitlement to benefits under the Social Security Act without regard to the provisions of Section 411(a)(5)(A). *Becker v. Harris*, 493 F.Supp. 991 (E.D.Cal., 1980). The court relied in part on *Rasmussen v. Gardner*, 374 F.2d 589 (10th Cir. 1967). *Rasmussen* avoided the constitutional question, virtually by reading the presumption out of the statute. It did so in the

following language: "However we find nothing in the language of § 211(a) of the Act [§ 411(a)] indicating that a partnership is the only basis upon which coproprietors of a business can each be credited with self–employment income for social security purposes.... While the exact nature of the legal relationship between the appellant and his wife in owning and operating the hotel might be critical for income tax purposes or for state laws of descent and distribution, we hold that it is unnecessary to characterize their relationship by any specific label for purposes of the Social Security Act. If either husband or wife had carried on the busi-

Secretary to determine if Carrasco did in fact have income from self–employment after her marriage.

We suggested that on remand the plaintiff might be able to show that prior to her marriage she had a sharing arrangement with her future husband that continued after the marriage. Such an arrangement was or could be treated as a partnership. *See* section II A of the opinion. We pointed out also that in Puerto Rico "the conjugal partnership shall be governed by the rules of articles of partnership in all that does not conflict with the express provisions of this chapter" [Ch. 273 Conjugal Partnership] Civil Code 1930, § 1298; P.R.Laws Ann. tit. 31, § 3624. *See* Section III of the opinion. The obstacle to treating the conjugal partnership as an ordinary partnership and one of the reasons supportive of the presumption was the codal provision in effect at the time Carrasco filed her claim, that the husband is the "administrator" of the community. Civil Code 1930, § 1312; P.R.Laws Ann. tit. 31, § 3671.[2] But this provision has no validity in view of the line of Supreme Court cases, cited in the opinion, prohibiting gender discrimination.

Considering the claimant's mental condition, the generally poor state of the record, and the remedial purpose of the legislation, we concluded that the proper course was to open the record entirely and permit the claimant to introduce evidence on any issue she wished. If now on her second effort Carrasco is successful in establishing the existence of a partnership during the marriage, the Secretary's earlier application of the presumption will turn out to have been unwarranted. That possibility, one among

several, does not, however, render our earlier decision on the constitutional issue advisory. It was not incumbent upon us to reopen the record in the first instance and, indeed, we would not have done so had a remand not otherwise have been necessary.

We have considered all of the contentions raised in the petition for rehearing and the petitioner's brief. We hold that they are without merit.

*The petition for rehearing is denied.*

ness alone there would have been no issue of earnings. The fact that both carried on the enterprise should not change the result." 374 F.2d at 593. The *Rasmussen* court then divided the income equally, after finding that both husband and wife worked together and that funds were deposited in a joint banking account.

The constitutionality of the section was upheld in *Hester v. Califano*, N.D.Tex., April 30, 1979, Civil Action No. GA–7–78–1. This case was argued on appeal to the Fifth Circuit, October 9, 1980.

2. This provision of the Code has been repealed. Act May 1, 1976, No. 51, p. 134, § 2, eff. May 21, 1976. *Kirchberg v. Feenstra*, 609 F.2d 727 (5th Cir. 1979), *prob. juris. noted*, 446 U.S. 917, 100 S.Ct. 1849, 64 L.Ed.2d 270, held a similar provision in the Louisiana Civil Code (Art. 2404) designating the husband as "head and master" of the community violative of the equal protection guarantee because it constitutes impermissible gender discrimination. The Louisiana legislature repealed this provision, along with others that created gender discrimination. La. Act 709 of 1979.