**Ralph B. THORBUS, Plaintiff,**

v.

**Oveta Culp HOBBY, Secretary of Health, Education, and Welfare, Defendant.**

**No. 16010.**

United States District Court
S. D. California, Central Division.

July 6, 1954.

Girard F. Baker, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Southern District of Cal., Los Angeles, Cal., Max F. Deutz, Glendale, Cal., Louis Lee Abbott, Asst. U. S. Attys., Los Angeles, Cal., for defendants.

TOLIN, District Judge.

This is an action to review a final decision of the Secretary of Health, Education and Welfare in which it was determined that the plaintiff herein was not entitled to old-age insurance benefits.

Plaintiff applied for the benefits on the grounds that he was a self-employed person. There was no dispute that plaintiff had paid the self-employment tax for the necessary period. The Bureau denied his claim on the basis that his alleged self-employment income was "income from real estate rentals" and, hence, did not bring the plaintiff under the benefits of the Act. At plaintiff's request, he was accorded a hearing before a referee who reached a similar conclusion. Plaintiff's request for a review of the referee's decision was denied by the Appeals Council and he now seeks review here.

The Social Security Act, Sec. 211(a), 42 U.S.C.A. § 411(a), provides that " * * * rentals from real estate (including personal property leased with the real estate) * * *" are not to be included in computing income from self-employment. Regulations of the Department more fully explain what income is to be excluded and what income is to be included. Regulation No. 4, Sec. 404.-1052(a), provides in part:

"(2) Payments for the use or occupancy of entire private residences or living quarters in duplex or multiple-housing units are generally rentals from real estate. * * *.

"(3) Payments for the use or occupancy of rooms or other space where services are also rendered to the occupant, such as for the use or occupancy of rooms or other quarters in hotels, boarding houses, or apartment houses furnishing hotel services, or in tourist camps or tourist homes, or for the use or occupancy of space in parking lots, warehouses, or storage garages, do not constitute rentals from real estate; consequently, such payments are included in determining net earnings from self-employment. Generally, services are considered rendered to the occupant if they are primarily for his convenience and are other than those usually or customarily rendered in connection with the rental of rooms or other

space for occupancy only. The supplying of maid service, for example, constitutes such service; whereas, the furnishing of heat and light, the cleaning of public entrances, exits, stairways and lobbies, the collection of trash, and so forth, are not considered as services rendered to the occupant."

From this Regulation, we adduce the following criteria in determining whether or not plaintiff's income was merely from the rental of real estate. To entitle him to benefits, plaintiff's services must have been more than merely furnishing heat and light, cleaning public entrances, exits, stairways and lobbies, collecting trash, and so forth. Such services must, rather, be considered services rendered to the occupant rather than merely the normal maintenance of the building. Such services must be primarily for the convenience of the occupant and be something more than those services usually or customarily rendered in connection with the rentals of rooms or apartments. For example, if the services rendered by the plaintiff qualify the building as an apartment house furnishing hotel services, his income from such source is not rentals from real estate and is included as self-employment income. There are no separate findings of fact. The following excerpts from the referee's written decision contain what appear to be mixed findings of fact and conclusions of law:

"It appears that the claimant furnished units and janitorial services for rent to the public. He furnished the apartment units including linens, but required the tenants to pay for the laundering of the linens. No personal services were furnished the tenants within the individual units other than repairs and painting as necessary for occupancy. The claimant leased the apartment from the First Methodist Church, of Los Angeles, California, at a definite monthly rental. The claimant rents out the units and provides utilities

to the tenants for definite rentals by the week.

\* \* \* \* \* \*

It is the finding of the referee that the claimant needed six quarters of coverage for a fully insured status, he had none, and thus was short six quarters of coverage to be termed a fully insured individual. The referee further finds that rentals from units of a rented apartment house in 1951, 1952, and up to January 19, 1953, constitute rentals from real estate and thus are excluded as net income from self-employment.[1]

■ There is no specific indication, nor any implication, in the referee's decision that he did not believe any of the plaintiff's evidence. While he undeniably had the power to disregard those parts of the plaintiff's testimony which he deemed untrue, it appears obvious that, rather, he took the facts as testified to by the plaintiff and corroborated by the documentary evidence, and, on the basis of these facts, concluded that the plaintiff was not within the definition of self-employed but, instead, derived his income from the rentals of real estate and thus was not entitled to benefits. Thus the material facts can be adduced by an examination of the plaintiff's testimony and the exhibits that were introduced, which include a statement by the plaintiff to the board, and a letter written by him to the referee.[2]

Plaintiff rented the entire building from the owners. In turn, he rented each apartment or room furnished with the usual equipment of a simple apartment house or rooming house. Each apartment had a bath, stove and ice-box. The plaintiff furnished all utensils and dishes, including silverware and cooking utensils. Plaintiff kept a supply of linens for the tenants which he rented to them for the laundry charge. There was a telephone on each floor and plaintiff operated a bell system to call the tenants to the telephone. Each floor had a rubbish barrel into which the tenants deposited refuse. Plaintiff or his employee would carry such rubbish to the back of the apartment where it was picked up by a contract rubbish collector. The same arrangement was afforded for cans and garbage. Plaintiff or his employee directed any callers to the correct apartment. Plaintiff supplied gas, light and heat for the tenants. Plaintiff maintained, for the tenants' convenience, lobbies, halls and washlines. *He provided a manager in the lobby to answer telephones and inquiries. He kept a workshop on the premises and a storeroom for tools and supplies,* and was available at all times to take care of anything that needed to be taken care of in the house. He made whatever repairs and replacements which were necessary to maintain the respective rooms and apartments such as plumbing, repair of paper shades, stove repairs, carpets, and repairs to electric wiring and equipment. *He kept newspapers and magazines in the main lobby.* He kept complete laundry facili-

1. The remarks in La Lone v. United States, D.C.Wash., 57 F.Supp. 947, at page 953, reversed on other grounds 9 Cir., 152 F. 2d 43 would seem applicable:

"\* \* \* The courts do not expect of an administrative agency that exactness or nicety which the appellate courts require of us inferior judges in distinguishing between findings of fact and conclusions of law. Nonetheless, it does not seem unreasonable to me to suggest that judicial review cannot be nullified by a confused mixture of findings, inferences and conclusions in the referee's decision. Beaumont, S. L. & W. R. Co. v. United States, 282 U.S. 74, 86, 51 S.Ct. 1, 75 L.Ed. 221; State of Florida v. United States, 282 U.S. 194, 215, 51 S.Ct. 119, 75 L.Ed. 291; United States v. Carolina Freight Carriers Corp., 315 U.S. 475, 488, 62 S.Ct. 722, 86 L.Ed. 971; United States v. Chicago, N., St. P. & P. R. Co., 294 U.S. 499, 510, 55 S.Ct. 462, 79 L.Ed. 1023; Eastern Central Motor Carriers Association v. United States, 321 U.S. 194, 212, 64 S.Ct. 499 [88 L.Ed. 668]. \* \* \* "

2. There is no indication that the plaintiff was represented by counsel at the hearing. Rather, it appears that the examination was conducted by the referee. It is apparent that plaintiff's case was not presented as vigorously as it might have been.

ties for the tenants' individual laundering. He kept the porches, halls and steps clean and swept. He did regular renovating of the apartments, painting and cleaning them. He showed the apartments to prospective tenants. He furnished brooms and like articles.

■ Under the statute and regulations, it is the Court's opinion that the decision of the Secretary and her subordinates is not supported by substantial evidence. It cannot be said that plaintiff's income was merely derived from rentals of real estate. Plaintiff's organization and management of the property clearly brings the building within the classification of an apartment house offering hotel services. The maintenance of a lobby manager, the answering of telephone calls and summoning of tenants, the referring of guests, the maintenance of a supply of linens, the providing of newspapers and magazines in the lobby—all indicate more of a hotel than an apartment atmosphere. Admittedly, plaintiff did not supply maid service. However, the other services rendered clearly were rendered to the occupant as distinguished from the building, and were primarily for the tenants' convenience and are other than those usually or customarily rendered in connection with the rental of rooms or other space for occupancy only. Plaintiff clearly did not render either the quantity or quality of services usually offered by first class hotels. However, within the economic group served by plaintiff's building, such services might well be deemed considerable—at least clearly enough to remove the income, so derived by plaintiff, from that class of income termed merely "rentals from real estate".

The difference between mere rentals from real estate and rental with personal services may be illustrated by the difference between the plaintiff here and plaintiff's lessor. The latter merely rents the building to the plaintiff without any services offered to the lessee. Such income clearly would appear to be merely income from real estate. Plaintiff, on the other hand, not only rented the

rooms out but also offered many services to his tenants. Plaintiff's testimony, statement, and letter can lead only to the conclusion that the plaintiff *worked at* this apartment house, in addition to merely renting the rooms. His availability at all times to take care of anything that needed to be taken care of in the house, his making whatever repairs and replacements necessary to maintain the respective rooms and apartments, such as plumbing, repairs of paper shades, stove repairs, carpets, and repairs to electric wiring and equipment, his maintaining of lobby facilities, the directing of guests, handling of telephone calls—all inescapably leave the conclusion that plaintiff was not merely a receiver of rentals from real estate, but rather, that he conducted a business on the premises, offering not only apartment facilities, but also many services to the occupants of the building. Any other conclusion is without support by substantial evidence. Taking the situation as a whole, the only conclusion supportable is that the plaintiff did not derive this income from mere rentals of real estate, but rather was within the definition of "self-employed" and, therefore, entitled to benefits.

Reversed.