Marion B. FOLSOM, Secretary of Health, Education and Welfare, Appellant,

v.

Robert POTEET, as executor of the estate of Ralph B. Thorbus, deceased, Appellee.

No. 14575.

United States Court of Appeals Ninth Circuit.

July 25, 1956.

Warren E. Burger, Asst. Atty. Gen., Richard M. Markus, Samuel D. Slade, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., for appellant.

Girard F. Baker, John W. Erpelding, Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and TAYLOR, District Judge.

CHAMBERS, Circuit Judge.

For many years Ralph B. Thorbus [1] leased as lessee in Los Angeles what appears to have been a rather shabby apartment-rooming house. He rented out the apartments therein to people on a weekly and monthly basis. Some occupants were on a daily basis.

For the years 1951 and 1952 he paid the self employment tax.[2] As a consequence of amendments to the Social Security Act made in 1950, he was eligible in 1953 for social security benefits for old age assistance if the operation he conducted classified as a hotel or an apartment hotel. He was not if he was just operating an apartment house without more.[3]

He lost the lease on the building and applied for the old age insurance benefits. He exhausted the administrative procedures of the Department of Health, Education and Welfare, where he was consistently ruled against on the ground that he was just renting real estate to others.

The facts were all presented to the administrative agency from the mouth of Thorbus. Its findings indicate complete credence was given to all facts related by him. As the law permits, he sought review of the record in the United States District Court. There he prevailed. This appeal by the secretary followed.

In law, this is a borderline case. We shall always have them when delineations must be made. Of course, there are areas where the fact finder should not be disturbed on his findings on undisputed facts, where he may decide which facts point more strongly to one conclusion than to another.

Here Thorbus rendered many, many services to the tenants not associated with merely acting as lessor of an apartment to a tenant. The only thing really against his claim is that he rendered little service within the rooms. Except when occupants came and went, he let them clean their own rooms and change the linens, for the washing of which the renter paid either Thorbus or others, depending on who handled it.

If we are to have a social security system, certainly by interpretation it should not be given a narrow construction as to those covered. Likewise, it should not be construed loosely. The apposite regulations enunciate a liberal policy.

After considering the evidence before the administrative agency, we are inclined to agree with the district court. Our analysis of the record, points rather conclusively (to us) to a low grade hotel-apartment house where, because of the cheapness of the rent, management did not and could not give de luxe hotel or hotel-apartment service. But Thorbus did give, in our judgment, sufficient service of the hotel variety at his office, in the halls and at the doors of his tenants to bring him within the department's regulations for coverage under the statute. A factor that is entitled to some weight here is the semi-transient nature of his custom. Alone it would not be enough.

Appellee concedes that the district court was in error in awarding costs against the appellant. The judgment will be affirmed except as to costs.

1. Thorbus was the petitioner for review in the district court and appellee here. After oral argument, but before this decision was ready, he died. The present appellee, substituted in the stead of Thorbus, is the latter's executor.

2. See 42 U.S.C.A. §§ 402(e), 405(a) and (b), 411(a) and 414(a).

3. The pertinent Social Security Administration regulation appears at 20 C.F.R.

404.1052. Secretary Folsom says one of the questions here is the validity of the regulation. We think not. Our conclusion assumes the validity of the regulation. The scope of the regulation certainly is not a restrictive one. A better argument could be made that the regulation sins on the side of inclusion rather than exclusion. But this court's view is that the regulation does not exceed the limits of the underlying statute.