**Anna CONKLIN, Plaintiff-Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education & Welfare, Defendant-Appellee.**

**No. 13868.**

United States Court of Appeals
Seventh Circuit.

June 20, 1963.

Cleland P. Fisher and Willard P. McDermott, Janesville, Wis., for appellant.

N. S. Heffernan, U. S. Atty., Bronson C. La Follette, Asst. U. S. Atty., Madison, Wis., for appellee.

Before HASTINGS, Chief Judge, and KNOCH, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

The District Court entered summary judgment for defendant Secretary and

dismissed plaintiff's suit to review an order denying her benefits under the Social Security Act. Plaintiff has appealed.

Upon her husband's death, plaintiff now eighty-four years old, became sole owner of an eight room house in Janesville, Wisconsin. The second floor of the house had been made into two apartments before her husband died. One of the apartments was rented for $32.50 a month, the other for $7.00 a week. Downstairs, a room was rented for $6.00 a week. She lived in two rooms downstairs.

In February, 1960, plaintiff filed an application for old age insurance benefits [1] based on earnings from self-employment for the years 1956 through 1959.[2] After a hearing in February, 1961, the Hearing Examiner denied her application and the Appeals Council denied review.[3] This suit [4] and the summary judgment appealed from followed.

In order for plaintiff to qualify for old age insurance benefits as "self-employed" her annual net earnings from self-employment had to be at least $400.00. 42 U.S.C. § 411(b) (2). And "net earnings" means gross income from a trade or business less trade or business deductions. 42 U.S.C. § 411(a). But in computing the gross income and deductions, "[t]here shall be excluded rentals from real estate * * * together with the deductions attributable thereto, unless such rentals are received in the course of a trade or business as a real estate dealer * * *." 42 U.S.C. § 411(a) (1).

A pertinent regulation of the Social Security Administration provides: "Payments for the use or occupancy of rooms or other space where services are also rendered to the occupant, such as for the use or occupancy of rooms or other quarters in hotels, boarding houses,

or apartment houses furnishing hotel service, * * * do not constitute rentals from real estate * * *." 20 C.F.R. § 404.1052(a) (3).

There is no conflict in the evidence. The question of law presented is whether there is substantial evidence on the record as a whole to support the finding of the Hearing Examiner, confirmed by the Appeals Council, that plaintiff's income from the two second floor apartments was "rentals from real estate," not received in the course of a trade or business as a real estate dealer; and that plaintiff rendered insufficient service to the upstairs tenants to sustain her application. The Examiner decided that that income had to be excluded in computing plaintiff's net earnings from self-employment, with the result that she did not qualify for the old age insurance benefits she sought. The decision rested on the conclusion that Anna Conklin had less than $400.00 per year in payments for use or occupancy of rooms "where services are also rendered to the occupant."

It is not disputed that plaintiff performed more than adequate services for the downstairs tenant. Daily, she made the bed, dusted and cleaned the room; she supplied fresh linen weekly, cleaned the bathroom regularly and supplied soap. For the room and all services, she received $6.00 per week, which, without more, made her yearly income from self-employment $88.00 short of the $400.00 minimum.

Plaintiff received packages for the upstairs tenants; placed them where they would be found by the tenants; answered the door and directed callers to the right apartments; rendered a constant telephone message service; stoked the furnace; carried ashes from the basement to the street; occasionally cleaned the stairs leading to the second floor, and

1. Pursuant to 42 U.S.C. § 401(a).

2. In 1956 her income tax return reported self-employment income of $709.60 and self-employment tax paid of $21.28; in 1957 $709.60 and $25.57; in 1958 $709.60 and $25.57; and in 1959 $709.60 and $25.57.

3. Pursuant to 42 U.S.C. § 405(b).

4. Pursuant to 42 U.S.C. § 405(g).

the small upper hall floor; cleaned the common hall downstairs; maintained a workshop and storeroom on the premises for tools and supplies; and cleaned and repainted the apartments on the second floor when tenants changed.

In Thorbus v. Hobby, 124 F.Supp. 868 (S.D.Cal.1954), aff'd sub nom. Folsom v. Poteet, 235 F.2d 937 (9th Cir. 1956), the landlord "provided a manager in the lobby to answer telephones and inquiries. * * * He kept newspapers and magazines in the main lobby." Thorbus, the plaintiff-applicant, was "available at all times" to repair or replace "plumbing, * * * paper shades, stove * * *, carpets, and * * * electric wiring and equipment." His tenants were semi-transient. The Court of Appeals, affirming the judgment for Thorbus, said: "In law, this is a borderline case." The court did say, too, that Thorbus "rendered little service within the rooms."

We think neither the decision on appeal nor the District Court ruling precludes plaintiff's recovery.

It is conceded that plaintiff's income from the first floor falls short of the required $400.00, and that unless income from the second floor apartments is included her case falls.

 Giving the liberal interpretation we must to this statute, Yeager v. Flemming, 282 F.2d 779, 782 (5th Cir. 1960), Folsom v. Poteet, 235 F.2d 937 (9th Cir. 1956), so as to accomplish its "moral purpose," [5] we conclude that the record does not furnish substantial support for the findings of the Hearing Examiner, that his conclusion is erroneous and that the District Court erred in entering summary judgment against plaintiff. It is our opinion that the moral purposes of the Act do not contemplate that this eighty-four year old widow should render more services than she did in order to qualify for old age insurance. First, she should not be held to employ a manager to answer telephone and other inquiries or have a "main lobby" for magazines and newspapers for her upstairs tenants in order to escape the decision in Folsom v. Poteet, supra. She rendered a telephone service for her tenants and saw that they received their mail and packages. Secondly, we seriously doubt that the Act contemplated that Anna Conklin's income from the upstairs and downstairs rooms in her eight room house should be fragmented so as to exclude her from the benefits of the Act.

The judgment is reversed and the cause is remanded to the District Court with directions to enter judgment for plaintiff.

5. Broden, Law of Social Security and Unemployment Insurance, 3 (Callaghan & Co. 1962).