**Hautense J. HUDSON, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. No. 869.**

United States District Court
E. D. North Carolina,
Wilmington Division.
July 30, 1963.

L. Gleason Allen, Louis K. Newton, Wilmington, N. C., for plaintiff.

William M. Cameron, Jr., Asst. U. S. Atty., Raleigh, N. C., for defendant.

BUTLER, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare which denied old age insurance benefits to the claimant, Alcy B. Johnson.[1]

The claimant applied for benefits on the ground that he was a self-employed person during the years 1955, 1956, and 1957, deriving his income from the operation of an apartment house at Carolina Beach, North Carolina. His claim was denied on the basis that his alleged self-employment income constituted "rentals from real estate" within the meaning of Section 211(a) (1) of the Act, 42 U.S. C.A. § 411(a) (1), and, therefore, did not entitle the claimant to the benefits provided.

Section 211(a) (1) of the Act excludes "* * * rentals from real estate and from personal property leased with the real estate * * *" in computing income from self-employment. Regulation No. 4, § 404.1052(a), adopted by the Secretary pursuant to this section, provides in part:

> "(2) Payments for the use or occupancy of entire private residences or living quarters in duplex or multiple-housing units are generally rentals from real estate. * * *
>
> "(3) Payments for the use or occupancy of rooms or other space where services are also rendered to the occupant, such as for the use or occupancy of rooms or other quarters in hotels, boarding houses, or apartment houses furnishing hotel services, or in tourist camps or tourist homes, or for the use or occupancy

---

1. The claimant died after the commencement of this action. His daughter, Hautense J. Hudson, qualified as administratrix of his estate and was substituted as plaintiff.

Anthony J. Celebrezze, the successor to Arthur S. Flemming, was substituted as defendant pursuant to Rule 25(d), Fed. Rules Civ.Proc., 28 U.S.C.A., as amended.

of space in parking lots, warehouses, or storage garages, do not constitute rentals from real estate;. consequently, such payments are included in determining net earnings from self-employment. Generally, services are considered rendered to the occupant if they are primarily for his convenience and are other than those usually or customarily rendered in connection with the rental of rooms or other space for occupancy only. The supplying of maid service, for example, constitutes such service; whereas, the furnishing of heat and light, the cleaning of public entrances, exits, stairways and lobbies, the collection of trash, and so forth, are not considered as services rendered to the occupant."

■ The issue for our determination is whether there is substantial evidence in the record before the Court to support the Secretary's finding. In reviewing such decisions the Court looks to the entire record to determine whether the decision is supported by substantial evidence. Cunningham v. Celebrezze, D.C. N.C., 1963, 214 F.Supp. 619.

The record consists mainly of the testimony of the claimant given before the Referee, together with his application, income tax returns for the years in question, and written statements submitted by relatives and business associates.

The evidence discloses that in 1953 the claimant purchased an apartment house at Carolina Beach, North Carolina, known as "Ocean View Apartments". The apartment house is located approximately 100 yards from the shore line of the Atlantic Ocean and was apparently designed for occupancy by tourists and vacationers who frequent Carolina Beach from mid-May until Labor Day each year. There are ten separate apartments in the building, each furnished with a stove, refrigerator, one to four beds, and the usual furniture and utilities. A large neon

sign is affixed to the outside of the structure advertising the apartments for rent, and "literature" is also available for this purpose.

During the 1955, 1956, and 1957 seasons only eight apartments were normally available for rent. The remaining apartments were occupied by the claimant and by relatives who assisted him with the renting of the apartments and the maintenance of the building in return for their lodging. During this period the various apartments were rented complete with towels, soap, toilet paper, silverware, and dishes for an average rental of $7 per night. Guests were expected to bring their own linens and, if they failed to do so, an extra charge of 50 cents was normally imposed for these items. The period of occupancy by a tenant varied from one night to an occasional week, but was mainly for weekends.

Either the claimant or a relative was on hand at all times in order to rent the apartments and to make any repairs necessary for occupancy. They cleaned the apartments prior to entry, showed the facilities to prospective tenants, and collected the rents.

The tenants, however, put the linens on the beds and did their own cleaning during their stay. No maid service was supplied. Garbage and trash were placed by the tenants in a large container supplied by the claimant and picked up by the city. There was no lobby in the building and telephone and mail services were not supplied. Although the claimant had a telephone in his apartment and would notify guests when they received calls, it was not for their general use.

■ Under the Regulations of the Secretary set out above, payments for the use of rooms or other space may not be considered self-employment income unless services are also rendered to the occupant.[2] Generally, the type of serv-

2. The criterion adopted by the Secretary is in accord with the report of the Senate Committee on Finance which recommended the enactment of Section 211(a) (1) of the Act, Senate Report No. 1669, 81st Congress, 2d Session, page 156; U.S.Code Cong.Service 1950, p. 3287 et seq. See, Folsom v. Poteet, CA 9th, 1956, 235 F.2d 937.

ices required are those rendered primarily for the convenience of the occupant. The usual and customary services rendered in order to make the space available for occupancy only, and services performed in the proper maintenance of the premises, are not sufficient.

█ Under this standard, it is the opinion of the Court that the decision of the Secretary is supported by substantial evidence. Although the exact type, quality, and number of services required necessarily vary with the circumstances, Thorbus v. Hobby, D.C.Calif., 1954, 124 F.Supp. 868, aff'd. sub nom. Folsom v. Poteet, 9th Cir., 1956, 235 F.2d 937, the few services which were performed by the claimant and his agents in this case are properly classified as rendered in connection with the maintenance of the property and the occupancy of the space only. No attempt was made to render even low-grade hotel services, nor were other services rendered primarily for the convenience of the occupant within the meaning of the Regulations. The operation of the apartment house, other than general maintenance and repair, consisted of showing the apartments, collecting the rents, and cleaning upon vacancy.

It is urged that the claimant was conducting a business on the premises; that, unlike the usual renting of real estate, it was necessary for the claimant or an agent to be present at all times in order to rent the apartments to transient guests, and that he is entitled to include such income in determining net earnings from self-employment.

It is clear that constant attention was required in the management of the property and the renting of the apartments, and that this was a substantial participation in the production of the income by the claimant personally, or through his agents. The participation in this instance may in fact be greater than the "material participation" which qualifies the owner or tenant of land used in the production of agricultural commodities for benefits under the 1956 Amendment to the same section of the Act with which we are now concerned. However, the broadened eligibility for benefits under the 1956 Amendment is not applicable to the claimant.

Whether or not social security benefits should be extended to include owners or lessees of real estate whose full-time services are necessary and material in the production of income from the use or occupancy of rooms or other space is a matter for the Congress and not the courts.

The decision of the Secretary is affirmed.