**Vesta M. MILLEMON, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE of the United States of America, Defendant.**

**Civ. No. 65-314.**

United States District Court
W. D. Oklahoma.

Aug. 25, 1966.

should be reversed. The Defendant's Answer states that the findings of the Secretary are supported by substantial evidence and the prayer is for judgment dismissing the Complaint and affirming the decision complained of herein. The Defendant has also moved for Summary Judgment (with supporting brief) on the basis the findings of fact of the Defendant are supported by substantial evidence and are conclusive. The Plaintiff's Response to this Motion is that the findings of fact of the Secretary are not supported by substantial evidence and the decision should be reversed.

The issue in this case is whether or not Plaintiff was entitled to old-age insurance benefits and this depends on whether her self-employment income for the years 1960, 1961, 1962, and 1963 is excluded as income from real estate. Section 211(a) (1), 42 U.S.C. § 411(a) (1). This section provides, "There shall be excluded rentals from real estate and from personal property leased with the real estate (including such rentals paid in crop shares), together with the deductions attributable thereto, unless such rentals are received in the course of a trade or business as a real estate dealer; except that the preceding provisions of this paragraph shall not apply to any income derived by the owner or tenant of land if (A) such income is derived under an arrangement, between the owner or tenant and another individual, which provides that such other individual shall produce agricultural or horticultural commodities (including livestock, bees, poultry, and fur-bearing animals and wildlife) on such land, and that there shall be material participation by the owner or tenant in the production or the management of the production of such agricultural or horticultural commodities, and (B) there is material participation by the owner or tenant with respect to any such agricultural or horticultural commodity; * * *."

It was administratively determined that the Plaintiff had four quarters of coverage, but she needed eight quarters to be fully insured pursuant to Section

J. C. Drennan, Medford, Okl., for plaintiff.

Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

### DAUGHERTY, District Judge.

This action is brought under Section 205(g) of the Social Security Act as amended (hereinafter referred to as the Act), 42 U.S.C. Section 405(g), to review a final decision of the Secretary of Health, Education, and Welfare. Section 205(g) of the Act provides that the Court has the power to affirm, modify or reverse the decision of the Secretary, with or without remanding the cause for hearing, and that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.

The Plaintiff states in the Complaint that she has pursued her claim through all steps of administrative review, that her claim was disallowed at each step, that there is no substantial evidence in the record to warrant the finding that Plaintiff was not materially participating in the farming of her land, and therefore the decision of the Secretary

214(a), 42 U.S.C. § 414(a). In explanation the Defendant states, "Earnings from self employment credited to her earnings record for 1959 * * * cannot be deleted from her earnings record, although derived in the same manner and from the same activity here in question for years beginning with 1960, because her earnings record for that year, and all preceding years is barred to correction by Section 205(c) (4) (A), 42 U.S.C. 405(c) (4) (A)."

The plaintiff was born Oct. 24, 1897. She was the owner of the 160 acre farm in question which was 11 miles from her residence. The farm included approximately 160 acres of which 150 acres was in cultivation for wheat and alfalfa. The operator of the farm was James Millemon, the Plaintiff's son. The latter had been farming since 1947 and worked his own farm in addition to his mother's farm. The Court adopts and incorporates by reference the detailed factual findings of the Hearing Examiner on the factual question of "material participation." Therein is presented a multitude of facts and circumstances which both support and negate each of the following tests of "material participation";

1. The paying of a percentage of the costs for production of crops;

2. Consulting and advising with the operator periodically;

3. The inspection of production activities;

4. The performance of a certain amount of physical labor such as removing broken bales of alfalfa, treating alkali spots, and cleaning the fence line;

5. The furnishing of a portion of the machinery and equipment used in producing the crop.

■■ The Court's scope of review in a case of this type is limited in view of the administrative procedure rule of substantial evidence. The Court is not free to substitute its findings of fact or inferences drawn from the evidence from those of the Hearing Examiner. The Hearing Examiner's decision was made on a purely factual question and the Court finds substantial support in the record for his decision that the Plaintiff did not "materially participate" in the actual production of crops to the extent required for coverage. Gainey v. Flemming, 279 F.2d 56 (Tenth Cir. 1960); Domanski v. Celebrezze, 323 F.2d 882 (Sixth Cir. 1963), cert. denied 376 U.S. 958, 84 S.Ct. 980, 11 L.Ed.2d 976.

■ In applying the foregoing tests, there is no substitute for the requirement that a claimant must either physically undertake a part of the farming activity or retain and exercise a substantial degree of managerial prerogative over it. Bryant v. Celebrezze, 229 F.Supp. 329 (E.D.S.Car.1964). The evidence of Plaintiff's physical participation was insubstantial and her managerial relationship with her son, an experienced farmer, was highly questionable. It is not shown herein where her presence was of significant value to any decision by her son. It is thus the Court's opinion from the record that there was no joint activity in the entire enterprise of substantial value or importance. Hoffman v. Celebreeze, 246 F.Supp. 380 (E.D.Mo.E.D. 1965).

■ There is some probative evidence herein that Plaintiff tailored the landlord-tenant relationship in an artificial, superficial manner to bring it within the foregoing tests in accordance with publications obtained from the Defendant. Federal Social Security is a self-sustaining system supported by contributions of employers, employees and self-employed persons. This law should not be construed narrowly, but loosely in favor of claimants. Folsom v. Poteet, 235 F.2d 937 (Ninth Cir. 1956). "It is well settled that there is nothing improper or questionable about a person entering bona fide employment for the express purpose of acquiring a wage record which will enable him to qualify for old-age insurance benefits." Brannon v. Ribicoff, 200 F.Supp. 697 (D.Mont.1961). cf. Hoffman v. Celebrezze, supra, 246 F. Supp. at page 383.

However, there is substantial evidence in this case supporting the finding and conclusion of the Hearing Examiner that the Plaintiff did not physically undertake to do any significant part of the farming activity and did not retain or exercise a substantial degree of managerial prerogative over the same; that she did not materially participate in the actual production of the crops involved.

The Defendant's Motion for Summary Judgment is sustained and the Decision of the Secretary is affirmed. Counsel for the Defendant will prepare an appropriate judgment of affirmance and submit the same to the Court. Rule 58, Federal Rules of Civil Procedure.