**Ellis A. TODD, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 1452.**

United States District Court,
N. D. Florida,
Tallahassee Division.

March 5, 1970.

B. Kenneth Gatlin, Tallahassee, Fla., for plaintiff.

Stewart J. Carrouth, Asst. U. S. Atty., for defendant.

## FINAL JUDGMENT

MIDDLEBROOKS, District Judge.

This is a proceeding filed pursuant to Section 405(g), Title 42, United States Code, for judicial review of a final decision of the Secretary of the United States Department of Health, Education

and Welfare denying disability benefits to the plaintiff under the Social Security Act.

It is alleged in the complaint that plaintiff has a disability as defined by Section 416(i), Title 42, United States Code, as further defined by Section 423 (d) (1), Title 42 of the Act. The question to be decided by this Court is whether the findings of fact of the Secretary are supported by substantial evidence as provided by Section 405(g), Title 42, United States Code.

 It is clear that if the findings of fact of the Secretary are supported by substantial evidence the relief sought by the plaintiff must be denied. Celebrezze v. Townsend, 327 F.2d 640 (5 Cir. 1964).

Both parties in this cause filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court must find from the record that the motion of the plaintiff for summary judgment be denied, that the motion for summary judgment of the defendant be granted and that the decision of the defendant Secretary of the United States Department of Health, Education and Welfare be affirmed.

The complaint alleges that plaintiff has and continues to have a disability which would entitle him to benefits under the Social Security Act as a result of a brain injury caused from an overdose of aspirin administered while he was confined to a government hospital. In the brief filed by plaintiff in support of his motion for summary judgment, plaintiff does not argue that the disability results from brain damage. The argument of plaintiff is that an existing back injury is the basis for the claimed disability. However, in determining whether there was substantial evidence to support the Secretary's findings the Court has considered the entire record of the proceedings before the Department of Health, Education and Welfare which record includes the complete medical history of plaintiff.

The claimant was born on February 12, 1935. The record shows that he completed the eighth grade, has had training as a television technician and has had various periods of employment cutting pulp wood, as a deck hand and oiler, as a truck driver, as a workman spraying oil in a mosquito control unit, and as a laborer in citrus groves. The record also discloses that while serving a prison sentence beginning in 1964, plaintiff did manual labor and worked in the prison cafeteria operating machinery, sterilizing trays and silver and handled silverware and trays.

Plaintiff contracted tuberculosis in the Marine Corps and was discharged in 1955. The record shows that this condition was arrested and that he has had no significant difficulty with this condition since his discharge in 1955. He is receiving benefits from the Veterans Administration based on a 50% service-connected disability resulting from the tuberculosis.

On August 8, 1961, plaintiff had surgery resulting in a fusion in his lumbosacral spine. In a report dated October 26, 1961, Dr. H. Gerald Siek, Jr., orthopedic surgeon, estimated that plaintiff had a resulting 20% to 25% permanent partial disability as a result of the spinal impairment. It was estimated that he could return to work in eight months from the date of the operation. Plaintiff made application for benefits under the Social Security Act, which application was denied on November 13, 1961. He subsequently filed a request for reconsideration on May 28, 1962, and was awarded benefits for the period beginning November 27, 1960, and ending on November 15, 1965. He was reexamined by Dr. Steven Gilman, orthopedic surgeon, Division of Orthopedics, Teaching Hospital and Clinics, University of Florida Medical School on September 4, 1965. Dr..Gilman was of the opinion that the neurological examination and range of motion examination were within normal limits. It was felt by Dr. Gilman that he should continue on full activity at that time. He was examined by Dr. Fuentes, institution physician, Sumter Correctional Institution, on November 1, 1965, and

was found to be ambulatory and able to go about quite well and perform mild to moderate physical activity without too much difficulty. Dr. Fuentes stated in his report that at most the plaintiff had a partial disability based on a preexisting back injury. By orthopedic examination in November of 1965, he was found to have a solid fusion by Dr. Stanford, an orthopedic surgeon. The consulting internist found no demonstrable physical disability, no limitation of motion and no evidence of disease of disabling proportion.

On March 15, 1967, plaintiff who had not appealed from the termination of benefits as of November 15, 1965, made another application for Social Security benefits based on complaints of back pain and a mental condition. He was examined by Dr. Phillips, an orthopedic surgeon on June 9, 1967, for orthopedic evaluation. The physical examination revealed that he could get up and down from a sitting to a standing position and on and off the examining table without difficulty. He was able to ambulate normally and also able to walk up on his toes and heels and do a full knee bend without any obvious problems. Examination of the dorso-lumbar spine reflected an essentially normal range of motion in all directions with a complaint of moderate degree of pain in the dorso-lumbar area and the lumbo-sacral area at extremes of motion. X-ray examination at this time showed a solid spinal fusion. The remainder of the bony structures in the area of the lumbar spine appeared normal.

On October 26, 1967, plaintiff was examined at the Veterans Administration out-patient clinic in St. Petersburg, Florida, for special orthopedic examination. During this examination it was found that on forward bending his fingertips reached to within one inch of the floor and that extension and lateral movement of the back were within normal limits though subjectively these movements caused pain.

On March 13, 1968, plaintiff was interviewed by Dr. Warriner, a clinical psychologist in Panama City, Florida, following which a number of psychological examinations were made. In his report of March 13, 1968, Dr. Warriner found that plaintiff's scores on intelligence tests fell within the bottom of the average range and the upper end of the Dull Normal range of intelligence. It was stated in the report that individuals with intellectual capacities at this level are able to satisfactorily complete a high school curriculum and are generally able to sufficiently comprehend the requirements of a number of different occupations so as to be able to proceed satisfactorily in many employment capacities. It was the opinion of Dr. Warriner that it could be expected that an individual with this intelligence level would be sufficiently capable to carry out many routine aspects of job performance quite satisfactorily. There was no clear evidence of organic brain damage or neurological dysfunction which would interfere significantly with his intellectual performance, visual motor coordination or memory functions on the examinations administered. Plaintiff was examined by Dr. Cluxton, a psychiatrist in Panama City, Florida, on or about May 4, 1968. Dr. Cluxton found no evidence of a mood disorder in the form of mania or depression nor any evidence of a thought disorder in the form of hallucinations or delusions. His intellectual functions including orientation, memory (both recent and remote), apperception, concentration, abstracting ability, judgment and general fund of knowledge were all tested and found to be within normal limits. It was Dr. Cluxton's impression that the patient had some type of brain syndrome which had not completely cleared, that he was probably suffering from schizophrenia and that he would probably not be able to maintain continuous gainful employment.

Based on the above medical evidence and other medical evidence in the record, the hearing examiner denied the applica-

tion for benefits, which denial was concurred in by the Appeals Council.

The jurisdiction of this Court is confined to a limited review of the decision of the Secretary and the record made in the administrative hearing process. The only question before the Court is whether the decision of the Secretary is in fact supported by substantial evidence. If the findings of the Secretary are supported by substantial evidence and the proper legal standards have been applied, it is error to reverse the determination of the Secretary denying disability insurance benefits. Celebrezze v. Townsend, supra.

■■■ The medical testimony supporting the denial of disability insurance benefits was substantial and this Court may not substitute its opinion for that of the Secretary. Celebrezze v. Zimmerman, 339 F.2d 496 (5 Cir. 1964).

■■■ The plaintiff has the burden of proving that he is unable to engage in his former occupation or that he has no reasonable opportunity to compete for a job within his capabilities. This the plaintiff has failed to do. Alsobrooks v. Gardner, 357 F.2d 110 (5 Cir. 1966). The burden is not upon the Secretary to provide proof that plaintiff could perform work in a gainful occupation. Smith v. Gardner, 361 F.2d 822 (6 Cir. 1966).

Based on all of the testimony in the transcript and the credible evidence before the claims examiner, this Court finds that the decision of the Secretary of Health, Education and Welfare is supported by substantial evidence and is therefore binding on this Court. The Court is aware that the plaintiff might have some mental condition which might to one physician render him partially disabled but after having considered the entire record this Court, despite sympathy for the situation of the plaintiff, cannot reverse the decision of the Secretary.

This Court affirms the determination of the Secretary of Health, Education and Welfare.