David E. JOHNSON, Plaintiff,

v.

Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 475.

United States District Court,
N. D. Florida,
Gainesville Division.

Nov. 9, 1971.

Samuel Payne, Jacksonville, Fla., for plaintiff.

Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for defendant.

## OPINION–ORDER

MIDDLEBROOKS, District Judge.

Plaintiff brought this action pursuant to Section 405(g), Title 42, United States Code, for judicial review of a final decision of the Secretary of the United States Department of Health, Education and Welfare, denying to

plaintiff primary insurance benefits under the Social Security Act, Title 42, United States Code, Section 402(a).

## PRELIMINARY STATEMENT OF CASE

Plaintiff filed an application for retirement insurance benefits on May 27, 1966, and was found entitled to benefits beginning in April of 1966 when he attained the age of 65 years. His wife and two children were also found to be entitled to benefits based upon earnings record of plaintiff. In 1969 it was determined by the Social Security Administration that the income of plaintiff from self-employment should be adjusted. He was informed that deductions from benefits otherwise payable had been imposed against benefits payable to him and his family for the period from April 1966 through December 1968 and the amount received constituted an overpayment. The administrative decision was affirmed and on March 3, 1970 plaintiff requested a hearing which was held on April 23, 1970. At the hearing plaintiff, his attorney, his acountant, his wife and several witnesses appeared and testified. The Hearing Examiner concluded plaintiff had income from self-employment of $5,496.00 for 1966; $5,226.00 for 1967; and $5,662.44 for 1968. The income tax return of plaintiff for 1966 claimed that the amount of $3,917.00 constituted rental income; the income tax return for 1967 claimed rental income in the amount of $3,915.00; and the income tax return for the year 1968 claimed rental income in the amount of $4,236.00. These amounts were claimed by plaintiff to be boat shed rental income and not self-employment income from a trade or business. The Hearing Examiner held that deductions should be imposed against the benefits paid to the plaintiff and his family during the period April 1966 through December 1968, pursuant to Section 203 of the Act, Title 42, United States Code, Section 403. The Hearing Examiner's decision was approved as the final decision of the Secretary on October 27,

1970. This action for judicial review of the decision then ensued.

The issue for determination is whether there is substantial evidence in the record to support the final decision of the Secretary that retirement benefits of plaintiff, his wife and dependent children during the aforementioned periods are subject to deductions pursuant to Section 203 of the Act, Title 42, United States Code, Section 403, as excess earnings from self-employment.

## FINDINGS OF FACT

■ Plaintiff was prior to the time he applied for benefits under the Social Security Act an entrepreneur residing at Suwannee, Florida. Beginning sometime in 1950 plaintiff commenced to operate on the site where he presently resides a "fish camp" comprised of a small sundry store and boat marina. When his business was first started in 1950 he only rented boats but by 1956 he had begun to build sheds for the storage of boats. Gradually he expanded his facilities in which at present he can accommodate sixty boats.

■ Plaintiff testified that prior to 1966 he did some boat motor repair work and battery charging work for which he received compensation which services were part of those furnished his customers. He testified that he charged a uniform rate both to lessees of the boat stalls and to the general public. Plaintiff further testified that since 1966 he changed his activities in relation to management of his boat shed business in that he no longer furnished "personal services" to boat owners such as cleaning boats, mooring of boats, repairing of boats, renting of boats and motors, selling of live bait or checking of boats and motors for safety precautions.

■ Plaintiff's income tax returns for the year 1965 and for following years were considered by the Hearing Examiner. Those returns revealed that prior to the 1966 return plaintiff claimed all income from his business as self-employment income.

A perusal of plaintiff's income tax returns for all years indicates that his expense remained substantially the same, particularly during all the years in question which was some indication that the extent of plaintiff's participation in the marina business was not diminished and he was therefore "not retired". It might also be noted that plaintiff claimed substantial business expense for truck and car expense, sea-wall repairs and utility expense during the years in question.

The evidence additionally discloses that plaintiff by way of oral agreements rented his boat sheds to boat owners usually for a period of one year. Although plaintiff testified that he was not obligated under the terms of the oral agreements to do anything other than furnish boat stalls, the Court finds that in addition to providing space for the use of boat owners, plaintiff also provided other services and this along with the mere fact that he lived at this site constituted significant inducement to those boat owners who rented space at the marina. Not only did he provide fishing tips and information, he also periodically checked boats for proper mooring and provided minor boat repair service. Too, he would notify the Conservation Department in the event that one of the boat owners did not report in after a day's fishing.

The above factors when considered together with other evidence in the record amply support the determination of the Hearing Examiner that plaintiff's activities did not substantially change after 1966. This is so even though plaintiff's own testimony and other evidence show that plaintiff's activities relative to the operation of his business may have reduced somewhat after April 1966.

## CONCLUSIONS OF LAW

This Court has jurisdiction over the subject matter of and the parties to this action. Title 42, United States Code, Section 405(g).

The jurisdiction of this Court is confined to limited review of the decision of the Secretary and the record made in the administrative hearing process. The only question before the Court is whether the decision of the Secretary is in fact supported by substantial evidence. If the findings are supported by substantial evidence and the proper legal standards have been applied, then the Secretary's decision must be affirmed. Todd v. Finch, 309 F. Supp. 1404 (N.D.Fla.1970).

Were this income from the rental of boat sheds true "rental income", then the decision of the Secretary would have been erroneous since this increment of plaintiff's income would have qualified as an exclusion from net earnings from self-employment under the provisions of Title 42, United States Code, Section 411(a) (1). Instead, the Secretary found and there is substantial evidence in support thereof that the income generated from this boat marina business was not attributable principally to occupancy of the land but to the services and facilities provided by plaintiff's presence on the site so that such increments of income were net earnings from self-employment received by plaintiff while engaged in a trade or business in the years 1966, 1967 and 1968. Folsom v. Poteet, 235 F.2d 937 (9th Cir. 1956); See also Provine v. Celebrezze, 314 F.2d 48 (5th Cir. 1963).

Although plaintiff may have devoted less than forty five hours a month to his trade or business, plaintiff's services to the business were nonetheless substantial so that plaintiff was not "retired" within the meaning of the Act and was rendering substantial services to his trade or business in the years in question. 20 C.F.R. § 404.447(c); § 404.446(a) (1). Thus, deductions from his benefits would have been authorized under the Act. Title 42, United States Code, Sections 403(b) and 403(f) (4).

This case is a borderline case and this Court may have reached a different result if entrusted *de novo* with

the power of decision. However, it cannot be concluded that the Secretary's resolution of the conflicting evidence and his ultimate conclusions derived therefrom are not based upon substantial evidence, and therefore, it is

Ordered that the motion of the defendant for summary judgment is granted and the decision of the Secretary of Health, Education and Welfare be and the same is hereby affirmed.