JOHNSON *v.* WEINBERGER, SECY. OF HEALTH, EDUCATION & WELFARE.[1]

[Cite as Johnson v. Weinberger (1974), 41 Ohio Misc. 175.]

(Civil Action 73-440—Decided March 25, 1974.)

United States District Court for the Southern District of Ohio, Eastern Division.

*Mr. James L. Macklin,* for plaintiff.
*Mr. William W. Milligan,* United States Attorney, for defendant.

RUBIN, J.   This is an action under the provisions of the Social Security Act, 42 U. S. C. §405(g), for review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for social security disability insurance benefits.

This matter is before the Court on defendant's motion to dismiss on the grounds that: (1) the Court lacks jurisdiction because the action was not commenced within the time prescribed by 42 U. S. C. §405(g); (2) The action is barred by the time limitations specified in 42 U. S. C.

---

[1] Judgment affirmed by the Court of Appeals, February 12, 1975.

§405(g) because it was not commenced within 60 days after the date of mailing to the plaintiff of notice of the final decision of the Secretary and the time for commencing the action was not extended by the Appeals Council of the Social Security Administration; (3) The complaint fails to state a claim upon which relief can be granted; and (4) The Court lacks jurisdiction over the subject matter of the action.

Notice of the Secretary's final decision to deny plaintiff's application for social security disability insurance benefits was mailed to plaintiff on August 16, 1973. On or before October 15, 1973, plaintiff tendered to the Clerk of Courts a complaint seeking review of the Secretary's final decision and a motion to proceed in *forma pauperis*. The motion to proceed in *forma pauperis* was filed on October 15, 1973. However, the Court did not grant the motion and cause the complaint to be filed until October 26, 1973.

Section 405(g) provides in relevant part that:

"Any individual, after any final decision of the Secretary . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."

The complaint herein was tendered within the statutorily prescribed sixty-day period. But it was not filed by the Clerk of Courts until the motion to proceed in *forma pauperis* was granted. The filing was more than 60 days after notice of the final decision of the Secretary had been mailed to plaintiff.

Defendant's argument in support of each branch of the motion to dismiss is that the instant civil action was not "commenced within sixty days" after the mailing to plaintiff of notice of the final decision of the Secretary.

The case law is settled in this Circuit that if the action is not properly commenced within 60 days of the mailing of notice to a claimant, the Court has no jurisdiction to review the decision of the Secretary; and the claimant has no cause of action. *Bomer* v. *Ribicoff* (6th Cir. 1962), 304 F. 2d 427.

The sole question presented, then, is whether the filing of a motion to proceed in *forma pauperis* within the 60-day period coupled with the tendering of a complaint seeking review of a final decision of the Secretary is sufficient to commence a civil action in the United States District Court within the meaning of 42 U. S. C. §405(g). Defendant's memorandum in support of the motion to dismiss cites no decisions on this question based on facts analogous to those presented herein. The Court's review of reported cases construing §405(g) revealed no decisions involving applicants who had filed a motion to proceed in *forma pauperis* and tendered a complaint seeking review of a final decision of the Secretary within the 60-day limitation contained in §405(g).

The Social Security Act is a remedial statute which must be broadly construed and liberally applied. *Haberman* v. *Finch* (2d Cir. 1969), 418 F. 2d 664; *Conklin* v. *Celebrezze* (7th Cir. 1963), 319 F. 2d 569; *Walston* v. *Gardner* (6th Cir. 1967), 381 F. 2d 580, 585.

The purpose of the 60-day limitation is to further the efficient administration of the social security system. The 60-day requirement brings finality to the claims review process. See *Langford* v. *Flemming* (5th Cir. 1960), 276 F. 2d 215, 219.

When an applicant has taken an action within the 60-day period which clearly evidences his desire to seek further review of the final decision of the Secretary, the purpose of §405(g) has been implemented. An applicant who has tendered a complaint and filed a motion to proceed in *forma pauperis* within the 60-day period has made a timely decision to appeal to the United States District Court. When the complaint is tendered and the motion to proceed in *forma pauperis* is filed within the 60-day period, there is nothing further left for the plaintiff to do to commence the review of the decision of the Secretary.

If an applicant takes affirmative action to initiate review of the final decision of the Secretary in the United States District Court within the 60-day period prescribed by 42 U. S. C. §405(g), then the action is commenced within

the meaning of that section. See *Ayala* v. *Secy. of Health, Education & Welfare* (D. P. R. 1972), 342 F. Supp. 496.[2]

The Court HOLDS that the instant action was commenced within sixty (60) days of the mailing of notice of the final decision of the Secretary to plaintiff as required by 42 U. S. C. §405(g).

The Court FURTHER HOLDS that the motion is without merit, and therefore it is DENIED.

It is ORDERED that both plaintiff and defendant file cross-motions for summary judgment within thirty (30) days of the date of this Order as required by the Court's general order of February 16, 1973.

*Motion to dismiss denied.*

---

[2]In *Ayala,* the plaintiff sent a letter to the Clerk of the United States District Court within the 60-day period stating his desire to appeal and the reasons therefor. At the close of the 60-day period, the Clerk of Courts mailed Ayala a form motion to proceed in *forma pauperis.* Three days after the expiration of the 60-day period, Ayala filed the motion to proceed in *forma pauperis.* The Court held that the action was deemed commenced within the 60-day period.