John CALLAHAN, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary of the Department of Health, Education and Welfare, Defendant.

Civ. A. No. KC-3772.

United States District Court,
D. Kansas.

June 11, 1974.

John P. Biscanin, Kansas City, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan., Paul P. Cacioppo, Regional Atty., Caroline McB. French, Deputy Regional Atty., Region VII, Dept. of Health, Education & Welfare, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This action to review a final decision of the Secretary of Health, Education and Welfare, brought by plaintiff pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), comes before the court on the usual cross-motions for summary judgment. The single issue presented is whether there is substantial evidence to support the Secretary's determination that certain income reported by plaintiff as self-employment income in the period from 1965 to 1968 was actually rental from real estate. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The plaintiff owns two apartment buildings, one in Lawrence, Kansas, consisting of two units, and another in Leonardville, Kansas, consisting of three units. The units rent for between $55 and $90. In testimony before the administrative law judge, plaintiff stated that he provided many services for the occupants of the apartments, including, *inter alia*, vacuuming the rugs, changing the linens, cleaning the bathroom stools, cleaning the garages and laundry rooms, mowing the lawns. and removing snow and ice. Plaintiff estimated that he spent at least ten hours a month on these duties. He also testified that he spent from 25 to 30 hours per month traveling from his home in Kansas City to Lawrence and Leonardville. In a statement made in November, 1968, some two years prior to the hearing before the administrative law judge, plaintiff claimed to have spent 45 hours a month on work at the apartments, which is apparently the total time spent working and traveling.

The administrative law judge found that the income from the apartments was self-employment income, but the ap-

peals council reversed this finding. The Secretary adopted the decision of the appeals council, and plaintiff then sought review in this court.

The regulation applicable to the factual situation presented in this case is found at 20 C.F.R. 404.1053(d)(2):

"(2) *Services rendered for occupants*. Payments for the use or occupancy of rooms or other space where services are also rendered to the occupant, such as for the use or occupancy of rooms or other quarters in hotels, boarding houses, or apartment houses furnishing hotel services, or in tourist camps or tourist homes, or payments for the use or occupancy of space in parking lots, warehouses, or storage garages, do not constitute rentals from real estate; consequently such payments are included in determining net earnings from self-employment. Generally, services are considered rendered to the occupant if they are primarily for his convenience and are other than those usually or customarily rendered in connection with the rental of rooms or other space for occupancy only. The supplying of maid service, for example, constitutes such service; whereas the furnishing of heat and light, the cleaning of public entrances, exits, stairways, and lobbies, the collection of trash, and so forth, are not considered as services rendered to the occupant."

Most of the services performed by plaintiff are clearly of the type usually rendered in connection with the rental of apartments for occupancy only. The possible exceptions upon which plaintiff necessarily relies to establish his claim that the services are rendered for the convenience of the occupants are vacuuming the rugs, cleaning the bathroom stools, and changing the linens. (Some mention is made that plaintiff also prepares daily meals for one of the occupants, but this is not corroborated, nor is it very plausible in light of the distance plaintiff lives from the apartments.) The plaintiff testified that he vacuums the rugs once a month, which requires about an hour; it would appear that this service is provided for maintenance than for the convenience of the occupants. Similarly, the bathroom stools are cleaned once a month in Leonardville only, and this is done because of the considerable mineralization in the water supply there. Once again, this is probably a maintenance chore. Finally, the changing or furnishing of linens does not appear to have been done on a regular basis. Plaintiff's tax returns show that $20 was spent on laundry in 1966, while $22.40 was spent for the same purpose in 1967.

When the entire record is considered, we are of the opinion that the services rendered by plaintiff in this case are essentially those connected with maintenance of the property and occupancy of the apartments only. Hudson v. Celebrezze, 220 F.Supp. 738 (E.D.N.C.1963). While such services undoubtedly require much time and attention on plaintiff's part, they are simply not of the character contemplated by the regulation. We think the Secretary properly concluded that the income from plaintiff's apartments was rental from real estate, rather than self-employment income. We therefore hold that there is substantial evidence to support the Secretary's decision, which is hereby affirmed.

It is ordered that the motion for summary judgment of plaintiff John Callahan be denied; and that the motion for summary judgment of defendant Caspar W. Weinberger, Secretary of the Department of Health, Education and Welfare, be granted.