**George J. JOYCE and Mary L. Joyce, Appellants,**

v.

**David MATHEWS, Secretary of Health, Education & Welfare of the United States, Appellee.**

**No. 77–1537.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1977.

Decided Jan. 31, 1978.

Thomas J. Blackmar of Blackmar & Rehm, Burnsville, Minn., for appellants.

Andrew W. Danielson, U. S. Atty., Minneapolis, Minn., and Elizabeth A. Egan, Asst. U. S. Atty., St. Paul, Minn., for appellee.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

George J. and Mary L. Joyce, husband and wife, filed claims for old-age and hospital insurance benefits under the Social Security Act, 42 U.S.C. § 401 *et seq.* After a hearing the administrative law judge allowed their claims. However, the Appeals Council of the Bureau of Hearings and Appeals, Social Security Administration, on its own motion, reviewed and reversed that determination. It found that when the claimants applied for the benefits, records indicated that each had more than the re-

quired number of quarters of coverage[1] to qualify. However, in some of those qualifying quarters the only income reported for them was from Priorview Properties, Inc. The Council determined that the claimants lacked a bona fide employment relationship with that corporation and it disqualified those quarters, thereby lowering both claimants' quarters of coverage below that required to receive the requested benefits. The decision of the Appeals Council became the final decision of the Secretary of Health, Education and Welfare, reviewable by the district court pursuant to 42 U.S.C. § 405(g).

The claimants filed timely actions for review in the United States District Court for the District of Minnesota. The Secretary filed a certified copy of the transcript of the record and moved for summary judgment. Finding substantial evidence to support the decision to disallow the claims, the magistrate filed a report recommending that the Secretary's motion be granted. On December 6, 1976, the district court accepted and adopted the magistrate's report and granted the Secretary's motion for summary judgment. Claimants appeal.

On appeal the claimants contend that their relationship with Priorview Properties, Inc., was a bona fide employment relationship and that the payments to them from the corporation were wages paid for substantial services rendered by them to the corporation.

In determining whether the quarters during which each claimant received $50 from the corporation may be counted towards quarters of coverage so that the claimants qualify for the benefits they seek, it is necessary to review several sections of the Social Security Act.

As relevant here, the Act defines wages as remuneration for employment. 42 U.S.C. § 409. Employment is any service performed by an employee for the person employing him. 42 U.S.C. § 410. An employee is any corporation officer or "any individual who, under the usual common law rules applicable in determining the employer-employee relationship has the status of employee; * * *." 42 U.S.C. § 410(j).

With regard to self-employment income the Act provides: "There shall be excluded rentals from real estate and from personal property leased with the real estate * * unless such rentals are received in the course of a trade or business as a real estate dealer; * * *." 42 U.S.C. § 411(a)(1).

The facts are undisputed. Priorview Properties, Inc., is a closely held corporation organized under the laws of Minnesota in 1968. The claimants are the sole stockholders. They are also the officers and directors. The Articles of Incorporation indicate that the corporate purposes, generally, are to "buy, sell, lease, own, possess, mortgage, operate, and manage real and personal property * * *." The claimants deeded two parcels of rental property[2] from Mary L. Joyce and George J. Joyce to Priorview Properties, Inc., on September 9, 1968, for "[o]ne dollar and other valuable consideration."

The corporation held annual stockholders' and directors' meetings where George Joyce, as president, presided, and Mary Joyce, as secretary, kept minutes. Rents were deposited in the corporate checking account and, except for possibly four instances, that account was used solely for corporate purposes. The claimants each received $50 per quarter[3] from the corpora-

---

1. For the purposes of Subchapter II of the Social Security Act the term "quarter of coverage" means "a period of three calendar months ending on March 31, June 30, September 30, or December 31" in which an "individual has been paid $50 or more in wages * * * or for which he has been credited * * * with $100 or more of self-employment income, * * *." 42 U.S.C. §§ 413(a)(1) and (2) (exceptions not applicable here).

2. The two parcels of property transferred to the corporation included a duplex purchased by the claimants in 1945 and a five-plex purchased in 1956. The claimants also owned a third parcel of property—their home.

3. The exhibits indicate that claimants received exactly $50 each quarter. The corporation paid both the employer's and employees' shares of the FICA taxes.

tion, allegedly for their services as officers and in doing janitorial and maintenance work for the rental property, renting and cleaning vacant apartments, collecting rents, and handling tenant complaints.

In evaluating the evidence the Appeals Council found that the primary reason for forming the corporation was a desire for social security coverage. Although it admitted that Priorview Properties, Inc., was properly incorporated under the laws of Minnesota, and conceded that "there is nothing improper about a person arranging his business affairs in such a manner as to qualify for social security benefits," it stated that the Social Security Administration has a right and a duty to scrutinize the actuality of the resulting relationships to determine if they are genuine and if the source of income is only a change of form rather than one of substance.

The Appeals Council was of the opinion that neither claimant demonstrated that the corporation had any bona fide purpose; that neither performed any meaningful services for the corporation; that their activities were directed essentially towards their personal holdings and interest; that the corporation was formed essentially as a conduit to transform income from investments and personal savings into wages; and that the income they received from Priorview Properties, Inc., was "rentals from real estate" as defined in § 411(a) and not "wages" as defined by § 409.

Claimants contend that this conclusion is not supported by substantial evidence based on the record as a whole and must be reversed. They point to evidence indicating specific and legitimate business reasons for organizing the corporation, including the facilitation of the transfer of the properties to their four children [4] and the limitation of their personal liability.[5] In addition they contend that the record clearly indicates that they not only were corporate officers, but they also performed substantial services [6] for the corporation, and they therefore were "employees" as that term is defined by § 410(j).

We cannot agree. The purpose of benefits involved here is to protect workers and their dependents from the risk of lost income due to old age, death or disability. *See Social Security Board v. Nierotko,* 327 U.S. 358, 364, 66 S.Ct. 637, 90 L.Ed. 718 (1946). Because income from investments is not interrupted by death, disability, or old age, it is excluded from coverage under the Act. *See Delno v. Celebrezze,* 347 F.2d 159, 161 (9th Cir. 1965). It is clear that these claimants formed the corporation, transferred their real property investments to it, and received quarterly payments from it in order to qualify for social security benefits. Although that motive alone would not be sufficient to disqualify them, we do not believe that the services they performed were more than those necessary "to maintain the space in condition for occupancy." *Delno v. Celebrezze, supra,* 347 F.2d at 163. *Compare Foss v. Gardner,* 363 F.2d 25 (8th Cir. 1966) and *Gancher v. Hobby,* 145 F.Supp. 461 (D.Conn.1955) *with Delno v. Celebrezze, supra,* 347 F.2d 159, *Conklin v. Celebrezze,* 319 F.2d 569 (7th Cir. 1963), and *Flemming v. Lindgren,* 275 F.2d 596 (9th Cir. 1960).

We therefore agree with the Secretary and the district court that the money received by these claimants from Priorview Properties, Inc., cannot be classified as wages under the Social Security Act. The judgment of the district court is affirmed.

---

4. Although the claimants advance the facilitation of the properties to their children as a legitimate reason for organizing the corporation, the record indicates that the corporation sold the five-plex in 1975.

5. George Joyce stated in a sworn affidavit that tenants in both buildings had been injured on the premises and had asserted claims against him and his wife. In fact one such claim was made during the year immediately prior to incorporation and was paid by the claimants' insurer.

6. There is some evidence that prior to forming the corporation the claimants hired a janitor to perform these services.